† HERSEY *versus* VERRILL.

If during the progress of a trial evidence is admitted against the objections of one of the parties, and subsequently the cause is left to the determination of the presiding Judge, *such objections* must be considered as *waived.*

Where the action is referred to the *determination* of the presiding Justice, exceptions do not lie to his rulings of the law, unless such right is reserved by the parties.

Where the plaintiff conveyed to defendant a house by deed with a covenant against incumbrances, and occupied it afterwards for a certain time, parol evidence that the plaintiff was to possess it rent free and that defendant agreed to pay the taxes assessed before the conveyance, is not contradictory to the deed and is admissible.

ON EXCEPTIONS from *Nisi Prius*, RICE, J. presiding.

ASSUMPSIT, on an account annexed; one of the items was for the payment of defendant's money tax.

An account was filed in set-off, one of the items of which was for use and occupation of defendant's house from Sept. 6, to Nov. 1st, 1852. Proof of the occupation and value of the rent was introduced. And the plaintiff showed the payment of the tax.

The plaintiff conveyed to the defendant by deed, a house, on September 6, 1852, in which he covenanted against incumbrances.

He called a witness, who wrote the deed, and by him proved, against the objection of defendant, that the defendant told him before the deed was written, that he was to give a certain sum for the house; was to pay the taxes on it that year, and that plaintiff was to occupy it rent free until he completed a house he was then building. And after the deed was executed he heard a similar contract stated in a conversation between the parties, and that they thought it unnecessary to incorporate it in the deed.

The cause was then taken from the jury, and by agreement of parties submitted to the determination of the presiding Judge, who allowed the plaintiff's claim for money paid for taxes, and disallowed the claim in set-off for use and occupation, and rendered judgment for plaintiff. If the

testimony objected to, should not have been admitted, the judgment would have been for defendant.

To the ruling of the Judge, in admitting the testimony, the defendant excepted.

*J. Goodenow*, in support of the exceptions, cited *Rich* v. *Jackson*, 4 Brown's Chan. 384, and notes, (Perk. ed.) as to parol agreement to pay taxes; 1 ibid. *Irnham* v. *Child*, 84; Chitty on Contracts, 107; 1 Greenl. Ev. § 304; *Wheeler* v. *Cowan*, 25 Maine, 283; *Emery* v. *Chase*, 5 Greenl. 232; *Ryan* v. *Hall*, 13 Met. 520; 11 Met. 556; *Larrabee* v. *Lambert*, 34 Maine, 79; 12 Maine, 506.

*Morrill & Fessenden*, contra, cited *Tyler* v. *Carleton*, 7 Greenl. 175; *Emmons* v. *Littlefield*, 13 Maine, 233.

Tenney, J. — After all the evidence was introduced, by the agreement of the parties, the action was submitted to the determination of the Court, and judgment was rendered in favor of the plaintiff; a deduction from his claim of a sum not considered as established, and a sum was found due to the defendant upon his account filed in set-off. A charge of the defendant for use and occupation of a house for a certain period was not allowed.

The presiding Judge having been made a referee by the parties, to *determine* the controversy, the result to which he came is conclusive upon the questions involved; and the objections interposed during the trial to the competency of certain evidence allowed to be introduced on the part of the plaintiff, must be regarded as waived. Exceptions therefore, in this action, do not lie to rulings of the Judge in matters of law, any more than to his conclusions in those of fact. The case is essentially unlike that of *Trustees of Ministerial and School Fund in Andover* v. *Reed*, ante p. 41, which was withdrawn from the jury, and submitted to the presiding Judge, the right of the plaintiff to except to his previous rulings, being reserved.

But in looking at the case, as presented in the exceptions, it may be proper to remark, that we are not satisfied, that.

the testimony of Howard, which was objected to, was legally incompetent. It did not contradict or vary the import of any thing in the deed, from the plaintiff to the defendant, of the sixth day of September, A. D. 1852. When the defendant called upon the witness to write the deed he informed him, that he was to pay the taxes upon the property to be conveyed, for the year 1852, and that the plaintiff was to occupy the house, free from rent, until the completion of the one which he was building. At the time the deed was executed, in a conversation between the parties, the defendant made the same *statement;* and on a suggestion, by the witness, of the propriety of having this agreement inserted in the deed, they considered it unnecessary, "and a mutual agreement."

The parol lease of the house, under which the plaintiff held, according to its terms, was not contradictory to the deed. The tax assessed upon the land conveyed, which the defendant agreed to pay, was certainly not of necessity an incumbrance. If no agreement, that the defendant was to pay the taxes, had been made, and they had remained outstanding, whether they would constitute an incumbrance upon the land would depend upon facts, which have not been disclosed or attempted to be disclosed in this case. No legal presumption arises, that a tax upon real estate creates an inchoate right therein, without some evidence of the basis of the tax, and the correctness of all the proceedings which have resulted in the assessment.

*Exceptions dismissed.*