WICKERSHAM V. ORR.

1. EVIDENCE. Where in an action for the value of one-half of a partition wall, evidence was admitted showing a parol contract which was not a "special agreement" within the meaning of section 12, chapter 86, Laws of the Fifth General Assembly; (1855.) *Held*, That the defendant was not prejudiced by the admission of the evidence.

2. SAME: RESERVATION. In an action between the grantor and grantee of real estate on the covenants in the deed of conveyance, the grantor will not be permitted to show a reservation of an interest in, or an

incumbrance on, a portion of the property conveyed, by parol agreement.

3. SAME: THIRD PARTIES. Between the grantee and a third party claiming an interest in, or incumbrance on, the land granted, the party claiming the same may show a parol agreement whereby such interest was created, and also that the grantee took the premises with notice thereof.

4. THE GRANTOR A COMPETENT WITNESS. In an action between the grantee of the licensor and a third party, the licensor is a competent witness to such agreement, even though he be liable to the grantee, on the covenants of his deed.

5. LICENSE: PARTITION WALLS. When a portion of a partition wall has been erected upon a lot, under, and by virtue of a license from the owner thereof, such license cannot be revoked either by the licensor, or his grantee with notice.

6. GRANTEE'S LIABILITY. If the grantee use or occupy a part of such wall, he is liable to the licensee for the reasonable value thereof.

7. ORIGINAL CONTRACT. In an action between the grantee of the licensor and the licensee, the original contract between the licensor and the licensee may be shown only for the purpose of establishing the license.

8. Facts found and inferences warranted thereby, stated.

*Appeal from Scott District Court.*

THURSDAY, OCTOBER 13.

Plaintiff seeks to recover for one-half of a wall built by him. The petition contains three counts. The first alleges that in 1854, plaintiff was the owner of the north part of a lot in the city of Davenport, and one Leslie, the owner of the part adjoining in the south; that in that year plaintiff erected a house upon his part of the lot, one half of the south wall of which, with the permission of said Leslie, was placed and rested upon the land of said Leslie; that in 1856, the defendant then being the owner of the said south part, erected thereon a brick building, using, for that purpose, the said south wall, with the understanding that he should pay petitioner one half of what the said wall was reasonably worth.

The second count charges that in 1856, one Hicks, with James Wickersham, (not the plaintiff,) were the owners of said north part of said lot, as also of the house aforesaid,

with the south wall resting on the land owned on the south; that defendant then took possession of said south wall and used the same in the erection of a building, making the same the north wall of the said building, with the understanding that he should pay what one half of said wall was reasonably worth, that the reasonable value is so much as is shown by an account exhibited which has been duly assigned and transfered to plaintiff. The third count avers a contract between Hicks and Wickersham and defendant, entered into in 1856, by which they sold to him one half of said wall, for which he was to pay what the same was reasonably worth; that under this contract he took possession of said wall, and used the same in erecting his house; that it was worth so much, the account for which has been assigned to plaintiff.

There was an answer, replication, rejoinder and sur-rejoinder, which, so far as material, will be found referred to in the opinion of the court. Judgment for plaintiff, and defendant appeals.

*Lane & Brothers*, for the appellant.

I. The court erred in refusing to exclude parol testimony to establish a contract relating to a party wall. The contract should have been in writing. Laws 1855, p. 130, section 12.

II. The court erred in admitting the evidence of the defendant's grantor to show a contract of reservation, which does not appear on the face of the deed. The contract was not in writing and could not vary the deed. *Harlow* v. *Thomas*, 15 Pick. 66; *Townsend* v. *Head*, 8 Mass. 746; *Collingwood* v. *Irwin*, 3 Watts 306; 1 Greenl. Ev., section 275; Part 2, Cowen & Hill's notes, Phill. Ev. 467; 1 Sug. Ven. 178; 9 N. H. 392.

III. The half of the wall resting on the land of defendant, was a part of it; it was real estate, and passed with the land to defendant from his grantor. 2 Bouv. Dict., title, Land; Coke's Inst. 4; 1 Black. Com. 11; *Brocket* v. *Penn. & Ohio Rail R. Co.*, 3 Harris 243; 16 Mass. 449; Code of

Iowa, section 26; 5 Taunt. 200; *Eno* v. *Del Vechio*, 4 Duer 53; 6 Ib. 17; *Webster* v. *Stevens*, 5 Ib. 553; *Partridge* v. *Gilbert*, 1 Smith, 601; *Wigford* v. *Gill*, Cro. Eliz. 296. It is true that a house or other structure placed upon the land of another, with the owner's assent, remains the property of the builder, if it is of a temporary nature, capable of being removed, and is intended by the parties to be removed. *Wells* v. *Bannister*, 4 Mass. 514; *Marcey* v. *Darling*, 8 Pick. 283 and 402; 10 Ib. 540; 10 Maine 429; *Rickey* v. *Kelley*, 1 Greenl.; 6 Maine 542; 11 Ib. 371; 12 Ib. 162.

IV. The right to occupy or use the land of another in the construction and support of a partition wall of a permanent brick or stone building, whose foundations are imbeded in the soil, for an indefinite time, is an easment. It lies in grant, and can only be created by deed, or be established by prescription. Gale & Whattley on Eas. 12; 3 Kent 434; *Orleans Manufacturing Company* v. *New Orleans*, 2 Martin 214; Coke Lit. 9a; Code of Iowa, section 2410.

V. A parol license, executed, can confer no such right as is claimed by the defendant, such right being an interest in the land. *Gale & Whattley*, Eas. chap. 3; 2 Am. Lead. C. 506 *et seq.*; *Prince* v. *Carr*, 10 Cow. 375; *Benedict* v. *Benedict*, 5 Day 464; *Cook* v. *Stevens*, 11 Mass. 533; 1 Cow. 568; 15 Wend. 380; 1 Hill 171; 6 Ib. 14; 5 Barb. 379; *Wolf* v. *Frost*, Sand. ch. R. 72; 1 Gill & John. 366; 2 Gill 221; 1 Zab. 390; 17 Ver. 43; *Bell* v. *Elliott*, 5 Black. 113; *Rickey* v. *Kelley*, 1 Maine 117; 17 Ib. 123; 1 Sug. Ven. 107 and note.

VI. Such a license in equity can operate only between the original parties. It cannot be enforced against the grantee of the licensor. *Jackson* v. *Baback*, 4 John. 418; Gale & Whattley Eas. 29 and cases there cited; *Miller* v. *Auburn & Syracuse R. R. Co.*, 6 Hill. 64; *Ruggles* v. *Lesure*, 4 Pick. 487; *Stevens* v. *Stevens*, 11 Met. 251.

*Davis & True*, for the appellees.

I. The special contract referred to in Session Laws 1855,

(section 12, page 130,) and required to be in writing, are obviously such as controvert the provisions of said act, and not such as tend to carry out its provisions.

II. The interest of the defendant's grantor is balanced. If he is liable to the plaintiff on his contract, he is also liable to the defendant on the covenants in his deed.

III. While the grantor is estopped by the covenants of his deed, from saying that the land was sold subject to an incumbrance; a third party holding such incumbrance, may show the fact by the grantor, and also that the purchaser took the property with actual notice of the incumbrance.

IV. A grantor can convey only his interest in land, especially if the purchaser have actual knowledge of the extent of such interest, and of the rights of third parties. *Osgood* v. *Howard*, 6 Maine 391; *Russell* v. *Richards*, 10 Ib. 429; 11 Ib. 371.

V. A license executed cannot be revoked by the licensor, or his grantee with notice. 14 Serg. & R. 571; *Syler* v. *Eckhart*, 1 Binney, 378; *LeFevre* v. *LeFevre*, 4 Serg. & R. 241; *Ricker* v. *Kelley*, 1 Maine 117; *Doty* v. *Graham*, 5 Pick. 487; *Marcy* v. *Darling*, 8 Pick. 383; *Curry* v. *The Commonwealth Ins. Co.*, 10 Pick. 535; *Russell* v. *Richards*, 6 Maine 429; 10 Ib. 429; 11 Ib. 371; *Hillburn* v. *Burns*, 12 Ib. 162; *Winter* v. *Beeckwell*, 8 East. 308; *Clement* v. *Durgin*, 5 Greenl. 9; *Zugenbuhler* v. *Gilliam*, 3 Iowa .391

VI. If the plaintiff be regarded as a tenant at will, his rights are the same while the tenancy exists; and after the termination of his term, he has a reasonable time to remove his wall. 11 N. H. 102; 7 Ib. 237; 15 Ohio 248; *Davenport* v. *Mason*, 15 Mass. 89; 8 East 308; 5 Mass. 164.

WRIGHT, C. J.—Plaintiff proposed to prove by a witness, a verbal contract between Hicks and Wickersham and defendant, made in the summer of 1856, in relation to the terms upon which defendant had permission to use the wall. This was objected to upon the ground that it was a contract rela-

ting to a party wall, and as such should have been in writing. The objection was overruled, and defendant excepted.

To sustain this exception, appellant relies upon section 12, chapter 86, page 132, Laws 1855. This section evidently refers to the *special* agreements therein specified, and not to such as in no manner differ from the contract which the law makes for the parties. The contract spoken of by the witness in this instance, was only that which this statute would compel the defendant to carry out, and if entirely excluded would not change the legal rights of the parties. If there was error, therefore, it was error without prejudice, and of course no cause for reversal.

The next exception relates to the admission of Leslie, to testify in relation to the contract under which a wall was built by plaintiff, the objection being that by this agreement he was personally liable, and hence interested in throwing that liability upon this defendant. To this it seems to us that appellee well interposes two answers. The first is that the only contract of which the witness speaks, related to a wall which was blown down and never used by either party, and not to the one now in controversy, which was built after this, and as to which it is not claimed there was, between Leslie and plaintiff, any contract, except so far as relates to the permission to build one half of it on Leslie's land. The second is, that if the witness was liable to plaintiff upon any contract, so he was liable over to defendant upon the full covenants of his deed, whereby he was held for this or any other incumbrance upon the land, and thus his interest was balanced. At the time Leslie sold to Orr, he advised him of the location of the wall; that it belonged to plaintiff, and that defendant would have to pay for it if he used it. It is objected that, as defendant had a deed with full covenants, the proof of the conversation or verbal contract, tended to vary or contradict the deed; that the wall was on the land and part of it, and as such, passed with it, and that parol declarations of the grantor are not competent to divest the grantee of the estate included in the deed. Considered as

Wickersham v. Orr.

testimony to vary or contradict the deed, it is of course inadmissible; and in a suit between the parties to the deed upon the covenants therein, it would not be claimed that it could be shown that a part of the land was reserved by a parol agreement. In favor of a third party, however, claiming the benefit of an incumbrance, lien or interest in the property, it is competent to show by parol that the grantee had notice of such outstanding incumbrance or interest. While the deed may contain full covenants, and while the grantor may be estopped thereby, as between him and his grantee, from saying that he sold, subject to an incumbrance, it is a very different thing where a third party, in maintaining the priority of his lien, seeks to show that the grantee had notice of it at, or prior to, the time of his purchase. The manner of communicating this notice is immaterial, and though given in such a way as to become incorporated into the contract of sale, but not in the deed, it might be shown by parol, would bind the purchaser as between him and third persons, while it might not, in a controversy with the grantor. The distinction, we think, is most manifest and well sustained.

If the plaintiff built the wall under a parol license from Leslie, the owner, and if the defendant took the south part of the lot from Leslie, with notice of this license and the interest that plaintiff had in the wall by virtue of such license, then this interest could not be *revoked* either by Leslie or his grantee, and if the grantee occupied the wall, he would be liable for the part thus used or occupied. Upon this subject the authorities are not entirely uniform, nor are they, in many cases, free from obscurity. The above rule, however, we believe to be fairly and legitimately deducible from many of the best considered cases. Without quoting we refer to the following: *Osgood* v. *Howard*, 6 Maine 452; *Russel* v. *Richards*, 10 Ib. 429; *Hilbourne* v. *Brown*, 12 Ib. 162; *Smith* v. *Benson*, 1 Hill. 576; *Rennik* v. *Kern*, 14 S. & R. 267; *Ricker* v. *Kelley*, 1 Maine 117; *Clement* v. *Durbin*, 5 Ib. 9; *Wells* v. *Banister*, 4 Mass. 415; and the full note of the editors, to *Renick* v. *Kern*, 2 Am. L. Cases 686,

706; also, *Nettleman* v. *Likes*, 8 Met. 34; 5 Pick. 487; 8 Ib. 203; 18 Ib. 417.

The rule applies, as its statement implies, to cases whereof the license has been executed by the building of the wall; the legal right to the soil is not, of course, divested, and the right of the license rests upon the principle essential to the transaction of the business of life, and clearly in accordance with the purposes of justice, that an act done with the sanction, either express or implied, of the owner of the land, is not to be treated as a tort; or the other, and further one, that when money or labor has been expended, on the land of another, upon the faith of a promise given by him, the owner shall not assert his legal right to the soil so as to interfere with that use or enjoyment of the building or structure erected as the result of such promise, by the money and labor of the licensee. If the structure, or any portion of it, is enjoyed, as in this case, by the owner of the soil, under a contract express or implied, to pay for the use of the same, or what a part of it is reasonably worth, the licensee may recover such value in a court of law.

Whether the plaintiff did, or did not, have the license claimed, and whether the wall was built alone under a contract that Leslie should pay for one half of it, the plaintiff looking alone to his personal responsibility, were questions of fact properly left to the jury.

Plaintiff owned the north part of the lot at the time of building the wall, but subsequently sold the same to Hicks and Wickersham, who afterwards reconveyed to him. Defendant purchased from Leslie, with notice, as the jury must have found under the instructions of the court, of plaintiff's interest in the wall, and of the obligation of any person using the same, to pay what one half was reasonably worth. The consent and undertaking of defendant to pay this much, could well be inferred by the jury, from the testimony, as well as the further fact, that it was upon the faith of this undertaking that Hicks and Wickersham permitted him to use the wall. Under such circumstances, the act of defend-

ant in appropriating the half of the wall for the purposes of his building, was in no proper sense a tort. The jury could well conclude that, based upon the understanding existing between plaintiff and Leslie, the owners of the property at the time of the appropriation, recognized the wall as a wall in common, and that defendant, instead of contributing in advance one half of what the same cost, was nevertheless to pay its reasonable value.

The amount thus due or claimed, was assigned by the parties holding the title, and subsequently conveying it, to plaintiff, so as to invest him with the full legal right to sue for it in his own name. In this view of the case plaintiff's right to recover, only finds support from the arrangement between him and Leslie, so far as that tends to show that he and his grantees (afterwards his grantors) were not trespassers, but that they took possession and held under a license, recognized subsequently by both Leslie and his grantee. If defendant undertook, and is sought to be held upon a promise to pay the debt of Leslie, he is not bound, for the promise would be within the statute of frauds. If bound at all, it is upon a promise to pay his own debt, for a consideration running directly to him. And this the jury must have found, and with their finding, we see no good reason for interfering.

Judgment affirmed.