JOHNSON v. TANTLINGER.

1. **Conveyance: PAROL RESERVATION: EVIDENCE.** As to whether a parol reservation of growing crops, at the time of the sale and conveyance of the land, can be shown in an action between the grantor and grantee respecting them, *quere.*

2. —— But in an action by the grantee to recover the value of certain crops alleged to have been converted to the use of the grantor, the latter may show, at least in mitigation of damages, that the crops, for the value of which plaintiff sues, were the produce of defendant's labor and toil, whereby they had been brought from an embryotic to a mature condition, and that this labor had been performed with the knowledge and consent of the plaintiff.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 13.

ACTION in ordinary by plaintiff, claiming of defendant the sum of $200 for the wrongful seizure and conversion to his own use of two hundred and thirty bushels of corn of the value of seventy-five cents per bushel, of the property of plaintiff. The defendant filed an answer in three counts: First, a specific denial of each averment of the petition; second, that on the 27th day of June, 1868, he purchased of plaintiff a farm of two hundred acres, and took a conveyance thereof (which is set out in full), with warranty and without any reservation; that thereby he became the owner of said land and all crops, grass, fruit, etc., then growing on it; that plaintiff wrongfully seized and converted to his own use twenty six acres of wheat, valued at $520, thirty acres of corn at $300, forty tons of hay at $200, pasture for thirty sheep at $30, for cattle at $48, for calves at $6, for horses at $32, for mules at $26, use of stable, $4; manure taken, $4; damage done to meadow by staking, $9, and use of wagon, $2; that plaintiff is still

indebted to defendant therefor in the sum of $1,181; third, that plaintiff is indebted to defendant in the sum of $1,000 for the use and occupation of the farm and premises of defendant (describing them as in the deed) for pasture, orchard and dwellings, etc., from the 27th day of June to the 22d day of October, 1868, which is still unpaid. The plaintiff filed a reply in two counts: First, denying each averment of the answer; second, admitting the sale and conveyance as stated, and averring that, at the time of making the contract of sale and executing the deed, he was residing on the farm, and had growing thereon the crops of grain, grasses, vegetables, etc.; that, in consideration that plaintiff would sell and convey said land to defendant for the sum named in said deed, it was expressly and verbally agreed, by and between the said plaintiff and defendant, that plaintiff should, free of rent, occupy and cultivate said lands, and own and enjoy the pasturage, crops, etc., until the crops and fruits then growing were gathered; that he did so remain, with the knowledge and consent of defendant, on said farm, and cultivated and gathered said crops and appropriated the same to his own use, as he had a right to do under said agreement, and which were the same crops, etc., defendant claimed to recover for in his cross action. To the second count of this reply the defendant filed a demurrer, because the verbal agreement was merged in the deed, which is conclusive evidence of the contract, and could not be varied. This demurrer was overruled. The cause was then tried to the court, and judgment rendered for the plaintiff for $88 and costs. No part of the evidence or other rulings of the court are contained in the transcript. The defendant appeals, and assigns the overruling of the demurrer as error.

*Clark & Haddock* for the appellant.

*Fairall, Boal & Jackson* for the appellee.

COLE, J. — We do not deem it necessary for us to directly decide in this case whether a parol reservation of growing crops at the time of the sale and conveyance of the land can be shown in a controversy between the grantor and grantee respecting them. But as bearing upon this point, and negatively, see *Wickersham* v. *Orr*, 9 Iowa, 253 ; *Gelpeke etc.*, v. *Blake*, 15 id. 387 ; *Price* v. *Brayton*, 19 id. 309 ; *Van Wagner* v. *Van Nostrand*, 19 id. 426 ; *Warren* v. *Crow et al.*, 22 id. 315 ; *Pierce* v. *Walker*, 23 id. 424 ; *Ralston* v. *Ralston*, 3 G. Greene, 534 ; *Nutting* v. *Herbert*, 35 N. H. 120 ; *Turner* v. *Cool*, 23 Ind. 56 ; *Todd* v. *Philhower*, 4 Zabr. 796 ; *Mott* v. *Palmer*, 1 Comst. 564 (*i. e.*) 574 ; *McIlvaine* v. *Harris*, 20 Mo. 457 ; *Wintermete* v. *Light*, 46 Barb. 278 ; *Brosbe* v. *Hyde*, 37 Cal. 374 ; *Houghtailing* v. *Lewis*, 10 Johns. 297 ; *Austin* v. *Sawyer*, 9 Cow. 39 ; *Suydam* v. *Jones*, 10 Wend. 181 ; *Townsend* v. *Weld*, 8 Mass. 146 ; *Noble* v. *Bosworth*, 19 Pick. 314 ; *Jungerman* v. *Bovee*, 19 Cal. 354. . As more or less in antagonism to these authorities, and bearing upon the point affirmatively, see *Harbold* v. *Kuster*, 44 Penn. St. 392 ; *Backenstoss* v. *Stahler*, 33 id. 251 ; *Baker* v. *Jordan*, 3 Ohio St. 438 ; *Hersey* v. *Verrill*, 39 Me. 271.

Nor need we determine when and to what extent courts will treat emblements as personal property and not passing by a sale of the land. The rule is not uniform, but varies according to the situation or relation and interest of the parties. Nor need we inquire when and to what extent the consideration stated in the deed may be disputed or shown to be different. All of which have been discussed by counsel.

We place our affirmance of this judgment upon the ground that it was competent for the plaintiff to plead and prove at least, in mitigation of defendant's claim, that the wheat, corn, hay, etc., for the plaintiff's conversion of which as specific and mature articles belonging to defendant, he sues, were the produce of the labor and toil of

plaintiff, whereby they had been brought from an embryotic to a mature condition, and that this labor had been rendered with the knowledge and consent of the defendant. It was surely competent for the plaintiff to plead and prove such facts although he might not properly plead or prove the verbal agreement of reservation as set forth in the same reply. This proof might defeat the defendant's claim for wrongful conversion of the specific articles, and limit his recovery to the value of the use and occupation of the premises, in the condition and with the emblements growing thereon when they became defendant's property, and were received by plaintiff, up to the time plaintiff surrendered the possession. It was evidently upon this theory that the third count of defendant's answer was grounded. Since the reply contained statements properly provable in defense or reduction of the claim made by the answer, it was not vulnerable to the demurrer, although it also contained statements which could not be properly proved and ought not to have been pleaded. *Hayden* v. *Anderson*, 17 Iowa, 158. These latter statements might have been struck out on motion as immaterial, if they were so, or the defendant might have availed himself of the same benefit (as possibly he did) by objection to the evidence as to the verbal agreement of reservation, when the same was offered by plaintiff in support of his reply. It does not appear that such evidence was admitted.

In view of the whole case it is our duty to order the judgment

Affirmed.