## WINN v. MUREHEAD.

1. **Evidence**: DEED: RESERVATION OF RENT. Parol evidence is not admissible to show that unaccrued rents are reserved from the operation of an absolute conveyance.

*Appeal from Tama District Court.*

TUESDAY, OCTOBER 21.

THE plaintiff leased certain real estate to the defendant for which the latter agreed to deliver the former a certain portion of the crops. After the lease, and before the rent accrued, the plaintiff conveyed the demised premises to one Yeiser by general warranty deed. This action is brought to recover the rent, and is resisted on the ground that it passed by the deed to Yeiser. There was also pleaded a counter-claim. There was a trial to the court, judgment for the defendant and both parties appeal.

*Struble & Kinne* and *Stivers & Bradshaw*, for appellant.

*Ebersole & Willett*, for appellee.

SEEVERS J.—I. The deed did not contain any reservation, and counsel for the appellant state the question to be determined as follows: " Rent unaccrued, unless reserved, passes with the reversion. Must the reservation of such rent be expressed in the conveyance itself, or is it competent to show such reservation by parol in the contract of sale preceding the conveyance." ·

This precise question does not seem to have been determined by this court. It was referred to in *Johnson v. Tantlinger*, 31 Iowa, 500. Many authorities are cited by Cole, J. The decided weight of authority cited being in the negative.

*Moffett v. Armstrong*, 40 Iowa, 484, cannot be regarded as authority in the case at bar because the ruling was based on an instruction and not in relation to the admission of evidence. The decision was based on the thought that the land was pur-

chased "*subject to the right of the tenant to get off his crops*," and not as to the manner or how such fact had been proved. Instead of objecting to the evidence in that case the defendant seems to have been willing to submit the question to the jury. That rent reserved by lease, and not accrued, passes by a conveyance of the land to the grantee, was held in *Townsend & Knapp v. Isenberger*, 45 Iowa, 670; see, also, *Ambercrombie v. Redpath*, 1 Id., 111; *Van Driel v. Rosierz*, 26 Id., 575.

If it passes at all it must pass as do houses, fences and other things that are appurtenant to, and constitute a part of, the real estate. *Van Wagner v. Van Nostrand*, 19 Iowa, 422; *Smith v. Price*, 39 Ills., 28; *Page v. Lashley*, 15 Ind., 152.

As it would be incompetent to prove by parol evidence that a house or one acre of land had been reserved, the same must be true as to the rent portion of growing crops which has not accrued at the time of the conveyance. This rule is applicable to the present case, unless there exists some fact which makes it an exception. The plaintiff offered to prove the contract of sale to be as follows: "Mr. Yeiser to surrender to plaintiff four notes held by him against plaintiff for 2,000, and some accrued interest, and also to assume the payment of a certain mortgage on said land for $1,000, and some accrued interest, held by one Mrs. Kidner, and to pay plaintiff $300 in cash, or in lieu thereof to permit plaintiff to collect and receive the said rent from the defendant for said season of 1877 under said lease, and that after said agreement, and at and before the execution of said deed, said Yeiser did elect not to pay the plaintiff said $300, but in lieu thereof, and as part of the consideration of said sale of said land, it was mutually agreed by and between said plaintiff and said Yeiser that said defendant should account to and pay the plaintiff the rent to become due under said lease according to the terms thereof, and that thereupon plaintiff executed and delivered to said Yeiser said deed without embodying therein said agreement, whereby said tenant was to account to and pay him said rent." It is not claimed the consideration is not correctly stated or that it was other or different from that set forth in the deed, and herein lies the distinction between the case at bar and

*Trayer v. Reeder*, 45 Iowa, 272. The effect of the offered evidence was to establish the fact that the rents had been reserved in the contract of sale made previous to the execution of the deed. This it was incompetent to do because the rent passed by the deed subsequently made. The effect of the evidence was to eliminate from the deed that which was embraced therein. To do this would violate the established rule that parol evidence is inadmissible to vary or contradict a writing.

It is true the deed is not the contract, it is the consummation of a contract which may have existed wholly in parol. Nevertheless it is incompetent to contradict or impair the full effect thereof by parol evidence.

The rent, having passed by the deed, could only repass to the plaintiff by some subsequent arrangement with Yeiser. The previous contract cannot amount to an assignment of that which had not yet passed.

The plaintiff also offered to prove that the reservation had been omitted from the deed by mistake. If relief had been sought on this ground in equity, it is possible it would have been granted. But it is not available at law. *Van Wagner v. Van Nostrand*, before cited.

II. The defendant introduced evidence in support of his counter-claim, tending to show that he had delivered some of the rent corn to the plaintiff because of his representation that the same had been reserved and was coming to him. The court refused to render any judgment for the value of the corn so delivered, and from this ruling the defendant appeals. The conclusion of the court, we think, may be supported on the ground that the defendant had not accounted therefor to Yeiser, and there was no evidence tending to show that Yeiser made any claim thereto. The corn did not belong to the defendant but to Yeiser. The plaintiff fails to recover because he failed to establish any right to the rent, and for the same reason the defendant must fail to recover for the corn delivered.

On both appeals the judgment below is

AFFIRMED.