Case 6—PETITION EQUITY—January 11.

# Champion v. Munday.

### APPEAL FROM MERCER CIRCUIT COURT.

1. PASSWAYS—STATUTE OF FRAUDS.—Where an agreement by the vendee to give the vendor a passway over other land forms a part of the consideration for the sale and conveyance of land, and the vendee is placed in possession of the land sold and conveyed, and the grantor is placed in the use of the passway, the former will not be allowed to prevent the latter from using the passway. upon the ground that the contract therefor was within the Statute of Frauds, as a court of equity will not allow the vendee to hold the land and at the same time refuse to pay for it.

2. THE RECITAL OF A PARTICULAR CONSIDERATION IN A DEED does not prevent other or further consideration from being shown.

### STATEMENT OF FACTS.

Appellee filed his petition in equity against appellant, alleging the facts stated in the opinion, and, in addition thereto, that appellant has sought to prevent him from selling his farm by claiming that he, appellee, has no right of way through appellant's farm that he can sell or convey, and has compelled the appellee, by obstructing the route over which he was to have a passway, to travel by inconvenient paths and routes, and has sought to harass and annoy him, and compel him to sell his farm to appellant at a sacrifice. He prays that "said route may be surveyed, designated by metes and bounds, and conveyed to him, the said plaintiff, and his heirs and assigns, so that the same may be duly and properly assured to him, and he quieted in his claim and right, and for all appropriate relief."

The court, by the judgment appealed from, adjudges that "plaintiff is entitled to a permanent right of passway from the farm on which said plaintiff resided on the 15th day of April, 1881, and now resides, over the land of said defendant, on which he, defendant, resides, over the same route the said defendant traveled at the date of the deed on which said reservation was made, to wit: 15th day of April, 1881, in going towards the Lexington turnpike." And for the purpose of ascertaining said route and the bounds and limits thereof, the court directs the county surveyor to go upon defendant's land and lay off said passway of the width of twenty feet; and further adjudges that said passway "will be appurtenant to the said farm of plaintiff."

Other facts stated in the opinion.

THOMPSON & ROACH FOR APPELLANT.

(Brief not in record.)

O. S. POSTON & JACOBS AND BELL & WILSON FOR APPELLEE.

1. Although it is stated in the deed from appellee to appellant that the consideration is eighteen hundred dollars, the appellee is not precluded from showing that the granting of a passway by appellant formed a part of the consideration. (Gordon's Heirs v. Gordon, 1 Met., 287; Davenport v. McCampbell, 17 B. M., 42.)

2. Appellant does not ask to have the trade canceled, but refuses to secure and deed the passway to appellee. If he declines the one, equity should compel him to do the other.

3. As there has been a part performance of the contract by placing appellee in possession and enjoyment of the use of the passway, it will be enforced, although there is no written memorandum signed by appellant. (Overstreet v. Rice, 4 Bush, 1.)

4. The omission to insert in a deed a material reservation or easement for the benefit of the grantor will be corrected by the chancellor on parol proof thereof, and of the mistake in failing to insert it in the conveyance. (Athey v. McHenry, 6 B. M., 58-9.)

5. Appellee is entitled to sell and convey the right of way sold to him by appellant.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

If A sells a tract of land to B which is surrounded by other land of A, then B is entitled to a passway out through such other land of A. So if A sell land surrounding other land belonging to him to which he can have access only over the granted premises, he, by implication, reserves a way over the same, although he has conveyed with covenant of warranty. It is a way of necessity.

This case, however, is not either of those stated. The appellee, Munday, prior to the sale by him to the appellant, Champion, of the forty-nine acre tract of land, could pass from his home tract to and over it, and thence by permission over the Graves land to the lane between the Newton and McGarvey land, and by it to the Lexington and Harrodsburg Turnpike. His home place of one hundred and twenty acres did not adjoin any public road. On April 15, 1881, he

sold the forty-nine acres to Champion, the considera-
tion being, as he says, two thousand dollars, and a
passway from his home place through the adjoining
home place of Champion, it to be the one also used
by the latter, whose place also did not adjoin any
public road, the outlet from it being along the west
line of the forty-nine acre tract to the Graves land,
and thence to the turnpike by the route above named.
He says that he was also to have one-half of the wheat
then on the land. The deed from Munday to Cham-
pion, dated April 15, 1881, recited the consideration
as eighteen hundred dollars; but this does not pre-
vent other or further consideration from being shown.
(Davenport v. McCampbell, 17 B. M., 42; Gordon's
Heirs v. Gordon, 1 Met., 287.) The parties agree that
the money to be paid was two thousand dollars. The
appellant in his pleadings denies that the appellee was
to have a passway of any character, either personal
to him and his family or one appurtenant to his home
place, through the home place of the appellant. In
his testimony, however, he substantially admits, and
his able counsel appears to assume in the argument,
that the appellee and his family were to have the right
to pass through, but that the privilege was to be con-
fined to them, and be a mere permissive passway. So
that we may regard the question as being whether the
contract was for a passway personal to Munday and
his family, or one appurtenant to his home place; and
if the latter, then whether it can be enforced, as it is
not evidenced by any writing signed by Champion.
It is hardly reasonable to suppose that the appellee
would have sold the forty-nine acre tract, thus cutting

vol. 85.—3.

off his outlet from his home farm to the public road, without reserving some way of egress from it. He says that he, in the sale of the forty-nine acre tract, and as part of the consideration, bought a passway through the home farm of the appellant. The latter contradicts this, but the deed recites: "The said R. P. Munday is to have a passway from his house as far as said Champion's land goes to the Lexington turnpike, over the land of said Champion, on the same route the said Champion now travels." And the testimony shows that, from the time of the making of the deed until the bringing of this suit, the appellee has been passing through the home farm of the appellant.

Considering the testimony in the record, the recitation *supra* in the deed, and the circumstances surrounding the transaction, we do not feel authorized to disturb the conclusion of the lower court, which found that a passway through the appellant's land, appurtenant to the appellee's home place, was a part of the consideration for the conveyance of the forty-nine acre tract of land.

As the deed was not signed by the appellant, nor any writing executed by him evidencing the appellee's right to the passway, it is urged that the contract is within the statute of frauds and cannot be enforced. If simply a passway over the land sold had been reserved by the deed, then of course this question would not arise; but the right is claimed to a passway through other land belonging to the appellant. Equity following the law will not enforce a contract within the statute. Here, however, it has been executed upon the part of the appellee, and the appellant accepted

the deed and had it recorded. There is no offer by him to rescind. He placed the appellee in the use of the passway, while he is in possession of the property; and a court of equity will not, under these circumstances, permit him to hold it, and yet refuse to pay for it. If he declines the one, he must do the other; otherwise, the statute would become a means of injustice, and enable a party to commit a fraud, thus defeating the very object of its enactment.

Judgment affirmed.