TAYLOR vs SOUTHERLAND ET AL.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 874).

1. *Indian Lands—Deeds—Conveyance of Property.*
   A deed to which the parties were citizens of the Choctaw Nation

conveyed "as much as the donee and wife "can legally hold for themselves or others, together with all the privileges thereunto belonging as fully and entirely under the laws of the United States of America and under the laws and by the customs and usages of the said Choctaw Nation" the donor "may lawfully convey." It was held that this deed conveyed the amount to which the donees were entitled for allotments for themselves and children, with the right to select those allotments and also the right of occupancy and improvements.

2. *Frauds—Equitable Title.*

A deed which conveys the exclusive right to Indians to select their allotment and to obtain patents for such allotment conveys an interest in real property, which must be in writing to comply with the statute of frauds, and is greater than a lease for a year.

3. *Trial—Verdict.*

It is better, though not essential, to set forth the specific grounds when a motion is made for peremptory instruction.

4. *Appeal.*

On appeal, it is too late for questions of variance and sufficiency of parties to be appraised for the first time.

5. *Contract—Rents.*

By a landlord's conveyance of fee, the law transfers to the grantee all the rent thereafter accruing.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice T. C. Humphry, March 11, 1905.

Action by D. A. Taylor against J. T. Southerland, in which R. Moffett & Sons and J. H. Randall, intervened as co-defendants. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Ferguson & Richardson*, for appellant.

*Williams & Utterback*, for appellees.

LAWRENCE, J. Appellant brought his action in the commissioner's court against appellee, Southerland, to recover $125 for rent of land. In that court R. Moffett & Sons and J. H. Randall, guardian of Elizabeth and Robert Randall,

were let in as codefendants. Judgment was rendered in that
court against appellant. He appealed to the District Court, with
the same result. He is now in this court, complaining of
numerous errors committed by the last-named court, prejudicial
to his legal rights.

He assigns 11 errors, the first of which is the overruling
of his demurrer to defendants' first amended answer, which
set up as cause of demurrer that this paragraph was only general
denials and conclusions of law, and is contradicted by subsequent
paragraphs thereof; that paragraphs 2, 3, 4, and 6 set up an
alleged oral agreement tending to vary the terms of a written
contract, and set up an alleged parol reservation of rents, and
that paragraph fails to allege any defense. Second: The over-
ruling of his special demurrer to paragraphs 2, 3, and 4, because
they do not state facts sufficient to constitute a defense to
plaintiff's cause of action. Third and fourth; Errors in per-
mitting witnesses Moffett and Parker to testify, over plaintiff's
objection, to a supposed oral contract different from the written
contract between the parties, and tending to prove a parol
reservation of rents to accrue upon the land conveyed. Fifth
error: Refusal of court to peremptorily instruct the jury, upon
plaintiff's motion, made at the close of the evidence, to return
a verdict for plaintiff. Sixth error: Refusal of court to give
the following instruction asked by plaintiff: "You are instructed
by the court that if you find from the evidence that J. H. Randall
had rented the premises to R. Moffett & Sons for the year 1903,
and afterward, on or about the 8th day of April, 1903, the said
J. H. Randall sold the premises in controversy to the plaintiff,
and gave an absolute deed conveying the same to plaintiff,
the rents passed with the premises to plaintiff, unless they were
reserved in the deed." Seventh error is the refusal of the court
to give the following instruction asked by plaintiff: "You are
instructed that a reservation of rents cannot be established by
parol; the consideration in the deed transferring said premises

to plaintiff, being expressed in a contractual form." The errors. numbered 8, 9, 10 and 11 relate to instructions given the jury by the court upon its motion, and are in effect embraced and expressed in this one clause of the charge: "Now, if you find. that the rents of the renters were not to go to the purchaser, Taylor, but were reserved and to be paid to Randall, then your verdict will be for the defendant. If you fail to find that the rents were reserved to go to Randall, then your verdict will be for the plaintiff for $100, the amount admitted as rent due."

Southerland answered, admitting that he owed the amount of rent claimed and was ready to pay the same to whomsoever the court should direct. The answer of Moffett & Sons is to the same effect. The answer of Randall, guardian, upon which the issues arise, is in substance that in April, 1903, he sold and conveyed to the plaintiff all the interest of his wards, being the improvements and right of occupation in and to the premises out of which the rent in controversy arises, but that plaintiff expressly released his right and claim to all the rents that should accrue thereon. The evidence offered develops that this supposed agreement of reservation of accruing rents was oral, and prior to the execution of the deed of conveyance. It further appears from the evidence that the wards of the defendant Randall were Choctaw Indians, entitled to allotments out of the public domain of the Choctaw Nation, and the land in question embraced more than they were entitled to hold, and under the act of Congress or treaty with the Choctaws they had the right to sell this surplus land, with the improvements thereon, to any other Choctaw or Choctaws who, under the treaty, would have the right to allot the same. Thereupon, on April 14, 1903, defendant Randall, guardian, etc., executed to appellant and his wife, Vernie, who were Choctaw Indians and entitled to an allotment, each, the following instrument in writing, which was introduced in evidence by appellant.

"Indian Territory, Choctaw Nation.

"Know all men by these presents, that I, J. H. Randall, guardian of the persons and estates of Elizabeth L. and Robert J. Randall, minors (who are citizens by blood of the Choctaw Nation), for and in consideration of the sum of one thousand ($1,000.00) dollars, paid and to be paid to me by D. A. Taylor and wife, Vernie Taylor, as follows: Three promissory notes of even date herewith, payable to the order of J. H. Randall, guardian, due and payable October 15, 1904, October 15, 1905, and October 15, 1906, respectively, with interest at 10 per cent. per annum from maturity and attorney's fees; the first two notes being for three hundred and fifty ($350.00) dollars each, and the third for three hundred ($300.00) dollars, secured by lien on premises conveyed and all crops till paid—have bargained, sold, released, and delivered, and do by these presents bargain, sell, release, deliver, and forever quitclaim unto the said D. A. and Vernie Taylor, and unto their heirs, executors, administrators, and assigns, the following described property, claims, and improvements, situated in the said Choctaw Nation, Indian Territory, and described as follows, to wit: The old Lake West farm and claim on Red river, in Jackson county, being the entire claim, as much as the said Taylor and wife can legally hold for themselves or others (except the store house building and gin machinery), together with all the privileges thereunto belonging, as fully and entirely under the laws of the United States of America and under the laws and by the customs and usages of the said Choctaw Nation, I may convey lawfully and quitclaim unto the said D. A. Taylor and Vernie Taylor. To have and to hold the said above-described property unto the said D. A. Taylor and Vernie Taylor, their heirs, executors, administrators, and assigns, forever, subject, always to the laws and customs of the said Choctaw Nation; and hereby warrant title to said property against all persons claiming the same, or any part thereof, except the Choctaw Nation.

"In witness whereof, I have hereunto set my hand on this the 8th day of April, A. D. 1903.

J. H. RANDALL,

"Guardian of the Persons and Estates of Elizabeth L. and Robert J. Randall, Minors.

"Witness:

"United States of America, Central District, Indian Territory.

"April 14, 1903.

"Be it remembered that on this day personally appeared before me, a notary public within and for the Central district of the Indian Territory, at my office in Atoka, in said district and territory, J. H. Randall, personally well known to me to be the one who signed and executed the above and foregoing conveyance as guardian of the persons and estates of Elizabeth L. and Robert J. Randall, minors, as grantor therein, and acknowledged to me that he had executed the same, for the purposes and considerations and in the capacity of guardian therein set forth and mentioned, as his free act and voluntary deed; and I do so certify.

"WM. W. COLEMAN, Notary Public."

A witness on behalf of defendant Randall testified as follows, over the objection of appellant: "Q. If Mr. Taylor made a statement as to what you should do with the rents for 1903, state the facts. A. When the trade was made, and he called me up and told me about the trade— (Mr. Ferguson, for plaintiff, objects). Q. Did Taylor ever have those notes any more after they were turned over to you? A. No, sir. Q. These notes, then, were turned over to you as, virtually, Taylor's agent? He turned them over to you to deliver to Randall? A. Yes, sir; provided he executed the deed. Q. When Randall executed the deed, did it come to you? A. Yes, sir; he came down to my house. The Court: I believe I will just let him state all about that contract, because it does seem to me that the truth is the thing that we want. Now, then, without any further argument, I am going to hold that this man can, as he was the man who held the notes, that he may state if Taylor told him about the rents—where they were

to go to. And you can save your exceptions. Mr. Richardson: And I will state the grounds for our objections also. We except to it on the ground that it is parol testimony tending to vary the terms of a written contract, and tending to show additional consideration than that expressed in the contract, and also as parol testimony tending to show reservation of the rents upon land transferred by an absolute deed. (Mr. Williams asks permission of the court to change the date in defendant's answer from March to the 8th day of April, and the same is granted). Mr. Williams: Go ahead and state now what was said when the notes were made, what he told you the agreement was when you were out there, and what the agreement was about the land? A. He agreed to give Mr. Randall a thousand ($1,000.00) dollars, and told me to hold the notes till Mr. Randall should send him the deed to the place so he could file, and when he received that he would come and let me know, and I could deliver the notes to Mr. Randall, and also pay him the rents on the place for that year, as that was a part of the consideration for the place." The jury returned a verdict for defendants. Appellant filed motion for new trial, which was overruled by the court, and judgment for costs rendered in favor of defendants and against plaintiff.

Both sides have furnished lengthy printed briefs. The questions presented by this record are elementary: First, that parol evidence is not admissible to change or vary a written agreement, save certain exceptions, none of which apply to this case. The reason for the rule is so manifest that argument would be surplusage. The parties make a solemn agreement in writing, acknowledged before an officer authorized by law to take acknowledgments of deeds and conveyances. There is nothing on the face of the contract that requires extrinsic evidence to explain. The court in this jurisdiction, from common knowledge, interprets the words, "as much as the said Taylor and wife can legally hold for themselves or others," to

mean for their allotments and those of their children, as they are thereto entitled under the treaty. And the words thereafter following, "together with all the privileges thereunto belonging as fully and entirely under the laws of the United States of America, and under the laws and by the customs and usages of the said Choctaw Nation, I may convey lawfully and quit-claim unto said D. S. Taylor and Vernie Taylor," to mean that the said grantees take the right of occupancy and improvements, and the right to select the allotments of themselves and their children therefrom, which are considered valuable rights. In short, the deed is the conveyance to the appellant and his wife of the exclusive right to select said land as their several allotments, and obtain patents therefor, thereby equivalent to the equitable title to the land. This is certainly an interest in real estate—an interest greater than a lease for a year—and therefore requiring, under the statute of frauds, to be in writing.

The court was clearly in error in overruling the objection to the testimony to show that the terms of this deed were different from those expressed in it. The court was in error in instructing the jury to consider any testimony that proved or tended to prove any statements or admissions of either party as to the terms or conditions of the contract. It is to be conclusively presumed that the writing is the only evidence of the contract. The manifest purpose of the writing is to preserve intact the exact purpose and wishes of the respective parties. Only a clear case of fraud, accident, or mistake in making the contract will admit parol proof to vary or change it.

The appellant complains of the court's refusal to grant his motion for a peremptory instruction to the jury to find its verdict in favor of him. The appellee meets it by saying that the motion was not sufficient in not stating the ground. It must be conceded that the better practice is to set forth in the motion the specific ground, that the court might have its attention called to the exact point. However, the court could have

properly corrected its previous errors herein by granting the motion, for there was nothing left for consideration by the jury after reading the deed and the agreement of both parties that the amount of rent due was $100, and the court should have, upon its own motion, instructed the jury to return a verdict for plaintiff for $100.

The appellee, in his brief, gives considerable space to the discussion of the question that appellant cannot recover because of not sufficient parties plaintiff, and because of a variance with the proof. It is too late to raise those points for the first time in this court, for the reason that, if made below, the pleadings could have been amended, and the error corrected, under the provisions of the statute.

And the further point made by appellee, that the deed did not operate to transfer to appellant the rent thereafter accruing, is not well taken. The rule is that a conveyance of the fee by the landlord, by operation of law, transfers all the rent thereafter accruing to the grantee. 2 Taylor's L. & T. (9th Ed.) par. 439; Gibbons vs Dillingham, 10 Ark. 9, 50 Am. Dec. 233; Winn vs Murehead, 52 Iowa, 64, 2 N. W. 949. And this was the view taken by the trial court, for it instructed the jury to find for the plaintiff if it found the rent had not been reserved by express oral contract.

Reversed and remanded.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.