GRABOW v. McCRACKEN *et ux.*

No 2204, Okla. T.    Opinion Filed May 12, 1909.

(102 Pac. 84.)

**FRAUDS, STATUTE OF**—Convevance of Real Property—Reservation of Growing Crop by Parol. M. and another conveyed by warranty deed to G. a certain tract of land, for a consideration recited in the deed of $2,900, at said time there being standing upon said land a matured crop of corn; it being agreed by parol that the grantors should gather and remove from said premises said corn as a part of the consideration of said conveyance. The grantee afterwards claimed said crop by virtue of said deed, there being no reservation of said crop in the face thereof. **Held,** that it might be shown by parol that said corn was reserved by the grantors as a part of the consideration for said conveyance.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by Johann Garbow against William McCracken and wife. Judgment for defendants, and plaintiff brings error. Affirmed.

On the 18th day of October, A. D. 1906, the plaintiff in error, as plaintiff, commenced his action in the probate court of Kingfisher county, territory of Oklahoma, against the defendants in error, William McCracken and Lucy McCracken, as defendants,

by petition in replevin, alleging in due form that he was the owner and lawfully entitled to the immediate possession of certain personal property, to wit, all the corn that was shucked and standing in a field upon a certain tract of land, all kaffir corn and hay on said land, and all kaffir corn in shocks standing on said land, etc. The evidence tended to show that on the 13th day of October, A. D. 1906, the defendants, by their warranty deed in regular form, conveyed in fee simple to the plaintiff the land upon which said corn and hay were then standing, same being matured and ready to be gathered and harvested; that then and there, as a part of the consideration of said conveyance, it was verbally understood that said corn and hay were reserved and should remain the property of the grantors, and not become the property of the grantee. Said cause was tried in the probate court of said county, and on November 1, A. D. 1906, was appealed to the district court, and on the 25th day of January, A. D. 1907, same was tried in the district court of said county without the intervention of a jury, and judgment rendered in favor of the defendants. Thereafter, in due time, a motion for a new trial was filed and overruled, and exceptions saved. By proceeding in error an appeal was prosecuted to the Supreme Court of the territory of Oklahoma, and, by virtue of the provisions of the Enabling Act and the Schedule to the Constitution, same is now before this court for determination.

*Noffsinger & Hinch,* for plaintiff in error, cited: *Smith v. Leighton,* 38 Kan. 544; *Garanflo v. Cooley,* 33 Kan. 137; *Chapman v. Veach,* 32 Kan. 167.

*F. P. Whistler,* for defendants in error.

WILLIAMS, J. (after stating the facts as above). The sole question for determination is whether, as a part of the consideration of the deed, it was permissible to reserve by parol the standing, ungathered, matured crop of corn and hay on said land.

In the case of *Heavilon v. Heavilon,* 29 Ind. 513, the court said:

"It is well settled that a vendor, in a suit for the purchase

money, may prove, by parol evidence, the amount thereof, the terms of payment and its nonpayment, notwithstanding the receipt of the purchase money may be acknowledged in the deed. Now, suppose that the defendant, as a part of the consideration to the plaintiff for the land described in the deed, had agreed that the plaintiff should have a crop of wheat growing on another tract of land owned· by the defendant, and had subsequently ·refused permission to cut and carry it away, would any one contend that the plaintiff could not recover of the defendant the value of the wheat? Or if, as in this case, the plaintiff had harvested the wheat without objection, that the defendant could recover back its value? Does not the same principle apply to this case? Can any logical reason be shown why it should not? Admit that the deed upon its delivery conveyed the growing wheat, and still it was not a fixture which constituted permanently a part of the land; it was the subject of sale by parol, and what rule of law is there to prohibit the defendant from making such sale a part of the same contract by which he would become the owner, or that would convert the deed into an estoppel against parol proof of such sale? If, as alleged in the reply, the defendant contracted the wheat to the plaintiff, as a part of the consideration of the land, then the execution of the deed was a part of the contract on the part of the plaintiff, and entitled him to the wheat, and no question under the statute of frauds, contended for by the appellee, could arise in the case."

See, also *Harvey v. Million,* 67 Ind. 93.

In the case of *Austin v. Sawyer,* 9 Cow. (N. Y.) 39, the court said:

"Whatever may be the rule of construction elsewhere, we are not at liberty here to question the validity of a parol contract for the sale of growing crops. Was there any evidence of such a contract? Rejecting all that passed anterior to and at the time of executing the written contract, the proof is that Wilcox, when treating with the defendant as to the sale of the farm, declared the wheat to belong to the plaintiff. This is sufficient, in my judgment, to authorize a jury to presume a formal and valid contract for the sale of the wheat."

In the case of *Buckenstoss v. Stahler's Adm'rs,* 33 Pac. 251, 75 Am. Dec. 592, the court said:

"It is a rule of common law that growing crops are personal

property, but pass by conveyance as appurtenant to the land, unless severed by reservation or exception, and this rule has not been altered by statute of frauds and perjuries. A party may show by parol that the growing crops were reserved on a sale of land, although there may be no exception in the deed."

See, also, *Harbold v. Kuster,* 44 Pa. 392.

In the case of *Neill v. Chessen,* 15 Ill. App. 266, it is held that parol evidence is admissible to show that the grantor should have the growing wheat, and the rent for a certain time, when the same is not reserved in the face of the deed.

In the case of *Baker v. Jordan,* 3 Ohio St. 438, it is held that growing corn may be reserved by parol from the operation of a deed, in common form, for the land whereon it grows; that growing corn may be a part of the realty for some purposes, but it is generally to be considered as personalty; that when the evidence of such understanding is produced it is not to contradict the deed, for with that it is perfectly consistent, but it is to show that what in some instances would go with the land as a part of the realty was, in that case, converted into personalty by the will of the parties, and thus to hold the deed to its true meaning and effect.

See, also, *Phillips v. Keysaw,* 7 Okla. 674, 56 Pac. 695; *Aull Savings Bank v. Aull,* 80 Mo. 199; *Champion v. Mundy,* 85 Ky. 31, 2 S. W. 546; *Richardson v. Traver,* 112 U. S. 423, 5 Sup. Ct. 201, 28 L. Ed. 804; *McCrea v. Purmort,* 16 Wend. (N. Y.) 460, 30 Am. Dec. 103; *Hersey v. Verrill,* 39 Me. 271; *Quimby v. Stebbins,* 55 N. H. 420; *Steed v. Hinson,* 76 Ala. 298; *Freley v. Bentley,* 1 Dak. 25, 46 N. W. 506; *Mobile, etc., R. Co. v. Wilkinson,* 72 Ala. 286; *McMahan v. Stewart,* 23 Ind. 590; *Frey v. Vanderhoof,* 15 Wis. 397; *Drury v. Tremont Implement Co.,* 13 *Allen* (Mass.) 168; *McDill v. Gunn,* 43 Ind. 315; *Hendrickson c. Ivins,* 1 N. J. Eq. 562; *Flint v. Conrad,* 61 N. C. 190, 93 Am. Dec. 588; American Digest, Century Edition, Frauds, Statute of, Sec. 116; *Holt v. Holt,* 57 Mo. App. 272; *Gorth v. Caldwell,* 70 Mo. 622; *Bourne v. Bourne,* 12 Ky. L Rep. 467.

The following authorities support the contrary rule: *Kammrath v. Kidd,* 89 Minn. 380, 95 N. W. 213, 99 Am. St. Rep.

603; *Gibbons v. Dillingham,* 10 Ark. 9, 50 Am. Dec. 233; *Winn v. Murehead,* 52 Iowa, 64, 2 N. W. 949; *Stewart v. McArthur,* 77 Iowa, 162, 41 N. W. 604; *Adams v. Watkins,* 103 Mich. 431, 61 N. W. 774; *Taylor v. Southerland et al.,* 7 Ind. T. 666, 104 S. W. 874; *Chapman v. Veach,* 32 Kan. 167, 4 Pac. 100; *McElvain v. Harris,* 20 Mo. 457; *Fisk v. Soul,* 87 Cal. 313; *Brown v. Thurston,* 26 Me. 126..

The weight of authority and reason supports the rule, at least, that a matured crop of corn and wheat standing ungathered upon a tract of land may be specifically reserved by parol in the sale of the land, as a part of the contract price or consideration of the deed.

The judgment of the lower court is affirmed.

All the Justices concur.