# VAN WAGNER. v. VAN NOSTRAND.

1. **Deed:** COVENANTS: GENERAL WARRANTY. Under our statute, a covenant in a deed conveying real estate, " to warrant the title to the same against all persons whomsoever," implies all the usual covenants in deeds of conveyance in fee simple, including seizin, freedom from incumbrances, and right to convey.

2. —— WITHOUT RESERVATION. A conveyance of land, without exception or reservation, includes not only the earth but everything attached to it ; whether by nature, as herbage, trees, etc. ; or artificially, as fences and buildings.

3. —— BREACH OF COVENANT. The removal of a building by a tenant, under a prior agreement with the grantor, is a breach of a covenant of warranty executed by such grantor with a grantee in a deed containing no exceptions or reservations.

4. —— KNOWLEDGE. The current of authority is that it is no less a breach if the covenantee knew at the time of the conveyance that the building was the property of the tenant, and that the latter had the right of removal.

5. —— EVIDENCE: MISTAKE. In an action at law for the breach of a covenant in a deed, the deed must govern; but if by mistake, accident or fraud, it does not correctly state the contract between the parties, it will be corrected by a court of equity.

6. —— LEASE A BREACH OF COVENANT. The existence of a valid lease upon the premises, at the time of the execution of a deed conveying the same, with general covenant of warranty, is a breach of such covenant, and entitles the grantee to recover at least nominal damages.

7. —— RENT. Unaccrued rent, under a lease existing at the date of a conveyance of the real estate, passes to the grantee, and he can collect it by virtue of the grant; and the grantor has no right to receive rent becoming due after such conveyance; but his liability to the grantee for such rents collected would be for money had and received, and not for a breach of the covenant.

*Appeal from Washington District Court.*

TUESDAY, JANUARY 9.

GENERAL COVENANT OF WARRANTY : EFFECT OF : BREACH : FIXTURES : RENT, &C. — This is an action by the plaintiffs (the assignee of one Daniel Lawrence) against

Van Nostrand, on the covenants contained in a convey-
ance of real estate, made by Van Nostrand to Lawrence.
On the 9th day of November, 1863, Van Nostrand
conveyed certain lands to Lawrence, in the town of Wash-
ington, for the expressed consideration of $1,200; the
conveyance containing the following covenant: "*And I*
(Isaac Van Nostrand) *warrant the title to the same, against
all persons whomsoever*," save and except a certain mort-
gage which Lawrence agrees to pay and satisfy. As a
breach of this covenant, it is, in substance, alleged, that at
the date of the execution of this conveyance, one John
Wennell was in possession of the premises, as a tenant,
under an unexpired lease from defendant; that he remained
in possession some months, and the defendant received
and collected the rent therefor.

As a further breach, it is alleged that the tenant, during
his tenancy, by agreement with the defendant, built a stable
thereon *with the right to remove it;* that this building was
upon the premises at the date of the execution of the deed,
and was removed by the tenant during the existence of
his leasehold estate.

The answer admits the execution, by the defendant, of
the deed and the covenant, and alleges that the grantee
*knew* of the lease prior to his purchase; that by the con-
tract of purchase he was not to have possession until the
expiration of the lease; that grantee knew that the lessee
had the right to remove all fixtures erected by him; that
at grantee's request, defendant executed the deed before
the time he had agreed to, it being expressly understood
that the lessee had the right to remove the stable and fix-
tures erected by him.

The answer also claims, by way of set-off, $25 balance
of purchase-money.

By consent, the cause was tried to the court without a
jury. The evidence is not before us.

The court found the following facts:

Be it remembered, that on the trial of this cause, the same being tried by the court, by consent of parties, without a jury, the following facts were proven by the evidence and none others: The defendant, on the 9th day of November, 1863, sold and on that day conveyed, by deed of general warrant, to one Daniel Lawrence, the lot of land described and set forth in the petition, a copy of which deed is attached to petition.

The said Lawrence, at the time of the purchase and sale, was not in the State of Iowa, and the plaintiff acted as his agent in the entire transaction.

At the time of the said purchase, sale and conveyance of said lot there was a lease on the same to one John Wennell; that said tenant was then in actual possession, living on the lot, and the lease did not expire until January 1, 1864.

That during the said tenancy, and before the said sale and conveyance, the said tenant, with the permission and consent of the defendant, built a stable on said lot of the value of $60; that said stable was built by said tenant with the understanding between him and defendant that the same was to be taken away by the tenant at the termination of the lease. That said stable was a frame stable fourteen by fifteen feet, set on blocks not set in the ground. That the said tenant, before the termination of his lease, and after said conveyance, removed said stable from off the said lot. That said tenant occupied said premises under said lease until January 1, 1864, and that the value of the use of said property was worth, at that time, $7.50 per month, and that said tenant accounted to defendant for the rent, and defendant received the same and refused to permit the purchaser of the lot to have the same. That said plaintiff, at the time of the purchase and sale of said property, knew that said tenant was living on the lot and knew that said stable was built on 'the same while said

tenant lived on the lot, but did not know the circumstances under which it was built.

That on the 12th day of May, 1864, Daniel Lawrence, the grantee in said deed of conveyance, executed and signed and delivered an assignment on the back of said deed, in the following words:

"For value received, I hereby assign to John Wagner all my interest in the within deed, and all my right of action against the grantor, Isaac Van Nostrand, for the breach of covenant against incumbrancers, for title and for quiet enjoyment, as well as covenant of seizin.

"Witness my hand, this May 12, 1864.
"DANIEL LAWRENCE."

That at the time of the commencement of this suit, the said Daniel Lawrence, grantee in said deed, was indebted to the defendant $25, as part of the purchase-money of said premises, and that the same is due the defendant.

And upon said facts the court found for the plaintiff, and assessed the damages at $47.50, and rendered judgment for plaintiff for same; and at the request of the defendant, this finding of facts is given by the court, and made part of the record herein.

WM. LOUGHRIDGE, *Judge.*

The defendant duly excepted to the ruling of the court, and to the overruling of his motion for a new trial. And on this appeal, he assigns as error that on the facts found, the judgment should have been *for* him instead of against him.

*J. R. Lewis* for the appellant.

*J. F. McJunkin* for the plaintiffs.

DILLON, J. — This cause may be decided, by stating and applying certain legal propositions.

I. The form of the covenant, upon which this action is brought, is the same as that prescribed by the statute. Rev. § 2240, Code, § 1232. Its meaning has been judicially determined in this court, in the leading case of *Funk* v. *Creswell*, 5 Iowa, 62, 1857. That decision establishes, that the general covenant of warranty was intended "to include and imply all the *usual covenants* in a deed of conveyance in fee simple." The plaintiff in this action, upon the covenant set out in the statement, has all the rights which he would have had, if the conveyance had contained express covenants of seizin, freedom from incumbrances, right to convey, and the like.

*1. DEED: COVE-NANTS: general warranty.*

II. A conveyance of land, unless exceptions or reservations be therein made, includes not only the earth but everything attached to it, whether by nature, as herbage, trees, &c., or artificially, by man, as fences, *buildings* and the like. Touch., 184; *Mott* v. *Palmer*, 1 Comst., 564, 1848; *West* v. *Stewart*, 7 Barr, 122, 1847; *Goodrich* v. *Jones*, 2 Hill, N. Y., 143; *Walker* v. *Sherman*, 20 Wend., 639; *Wickersham* v. *Orr*, 9 Iowa, 253; *Cowden* v *St. John*, 16 Id., 590; *Price* v. *Brayton*, *ante*.

*2. — without reservation.*

III. As between *vendor and purchaser*, the stable standing upon the land at the date of the conveyance, and not being excepted therein, was part and parcel of the land and was therefore embraced in the grant, and protected by the covenants. As between the grantor and his tenants, the latter having the right of removal, it was personal estate — not so as between grantor and grantee.

*3. — breach of covenant.*

In *West* v. *Stewart*, *supra*, directly in point, it was adjudged by the Supreme Court of Pennsylvania, that the removal of a building by a tenant, under a prior agreement with the grantor, was a breach of covenant of *warranty*.

Van Wagner v. Van Nostrand.

And in *Mott* v. *Palmer*, above cited, and also directly applicable, the similar removal of a fence by a tenant, was holden to be a breach of the covenant of *seizin*. The covenant in suit embraces, as we have seen, both seizin and warranty.

The removal of the stable by the tenant, he having, under the law and his contract with the defendant, the right so to do, was a breach of the covenant contained in the defendant's conveyance.

IV. And according to the weight of authority, it is no less a breach if it be assumed that the plaintiff or covenantee *knew* at the time of the conveyance that the stable was the property of the tenant, and that the latter had the right of removal. For in an action of covenant the deed governs; and in such an action, by grantee against grantor, the latter cannot, in order to defeat the operation of the covenant, establish by parol the grantee's knowledge of an incumbrance or defect in the title, or by parol engraft upon the deed exceptions and reservations not therein mentioned. *Wickersham* v. *Orr*, 9 Iowa, 253; *Harlow* v. *Thomas* (strong case), 15 Pick., 66, 1833; approving *Townsend* v. *Weld*, 8 Mass., 146, 1811; *Mott* v. *Palmer*, 1 Comst., 574, per BRONSON, J.; *Collingwood* v. *Irvin*, 3 Watts, 306, 1834; 1 Greenl. Ev., § 275; 2 Cow. & H., notes, Phil. Ev., 467; and see other authorities cited, and question discussed by Rawle on Cov., 149 to 154.

If the deed, by accident or mistake, did not embrace the contract of the parties; if it was intended by the parties to have excepted the lease and rights of the tenant, equity, on this being satisfactorily established, would correct and reform the conveyance. The defendant did not seek relief or redress in this manner.

By examining closely the facts found by the District Court, it will be seen that the court does not even report

that the grantee or plaintiff knew that the tenant had erected the stable, or had the right to remove it; nor does it report that it was excepted by parol from the operation of the deed, though if it had, this would, in this action, under the issues, have been unavailing to the defendant. As respects the stable, we are of the opinion, for the reasons above stated, that the judgment of the District Court was correct.

V. Concerning the lease and the rent, the following principles apply:

The existence of a valid lease at the date of the deed would be a breach of the covenant, entitling the covenantee, or his assignee, at least to nominal damages.

6. —— lease a breach of covenant.

Rent is an incident to the reversion. Unaccrued rent would pass to the grantee, and he could collect it by virtue of the grant. *Abercrombie* v. *Redpath*, 1 Iowa, 111; and cases cited on pp. 114, 115.

Not only so, but the defendant, after the grant, would have no right to receive and collect rent thereafter becoming due. Id. If he did so he would be liable to the grantee for the amount thus collected, not on breach of covenant, but in *assumpsit* for money had and received.

7. —— rent.

The plaintiff (see court's finding) had no assignment from the grantee of any such cause of action. Therefore *he* would not be entitled to recover therefor.

The court below allowed him to recover the amount of such rent, at the rate of $7.50 per month, from November 9th to January 1st. This was, so far, erroneous; and to this extent ($12.50) the judgment of the District Court is reversed, and judgment will be entered in this court in favor of the plaintiff for $35, he paying costs of this appeal.