## TOWNSEND & KNAPP v. ISENBERGER ET AL.

1. **Landlord and Tenant:** LEASE: RENT. Where land is leased upon condition that a third of the crop shall be given to the owner in payment of rent, the owner acquires no title to the part of the crop reserved for rent until it is set apart for him by the tenant.

2. ——: ——: CONVEYANCE. Rent reserved by lease and not accrued passes with a conveyance, and a purchaser of the land at judicial sale becomes entitled thereto.

3. ——: ——: NOTICE. The fact that notice in an action of attachment against the realty was served by publication does not prevent the rent from passing with the land at judicial sale.

4. ——: ——: APPRAISEMENT. Nor will the purchaser's title be affected by a failure to appraise the rent prior to the sale.

*Appeal from Black Hawk Circuit Court.*

THURSDAY, APRIL 19.

ACTION of replevin for certain wheat and oats in the possession of Isenberger, one of the defendants. The other defendant, Miller, intervened, and setting up a claim of property in the grain was made a party to the action. The cause was submitted to the court for trial without a jury, and the facts joined upon which the decision was had for plaintiffs were preserved of record. The defendants appeal. The facts of the case sufficiently appear in the opinion.

*Boies & Couch*, for appellants.

*J. J. Tolerton* and *H. C. Hemenway*, for appellees.

BECK, J.—The titles set up by the respective parties contesting the ownership of the property in question, as shown by the special findings of facts made by the Circuit Court, are based respectively upon one or the other of the following group of facts:

1. One Goodhue, being then the owner of certain land, leased it to defendant, Isenberger, on the 9th day of August, 1872, for one year. The tenant, by the terms of the lease, was required, for the use of the land, to deliver to Goodhue one-third of the grain raised upon the premises. The lease was in writing. On the 8th day of March, 1873, before the crops were planted, Goodhue assigned the lease to plaintiffs. The grain in controversy is the one-third of the crops reserved for rent under the lease, and was deposited by the tenant in a granary in compliance with the terms of that instrument. Upon these facts plaintiffs claim to be the owners of the grain taken on the writ of replevin.

2. On the 2d day of December, 1872, the defendant, Miller, brought an action of attachment against Goodhue, and on the 11th day of the same month the land leased to Isenberger was levied upon by the writ issued in the case. The defendant was served with notice of the action by publication, and on the 30th day of May, 1873, judgment was entered against him. The land was sold on the 19th day of July, 1873, without redemption, and on the same day a sheriff's deed executed to the defendant, Miller, the purchaser at the sale. At the time of the appraisement and sale the wheat was growing upon the land. It was not appraised. The crops were not planted by the tenant until after the attachment and assignment of the lease.

We are required to determine, upon these facts, the ownership of the grain in controversy.

I. 1. The share of the crops reserved by the lease to the land owner is to be regarded as rent. *Blake v. Coats et al.*,

3 G. Greene, 548; *Rees v. Baker*, 4 G. Greene, 461; *Merrit v. Fisher*, 19 Iowa, 354.

2. The owner of the land acquired no property in the part of the crop reserved for rent until it was set apart to him by the tenant; the ownership of the tenant continued until that time. *Rees v. Baker, supra; Alwood v. Ruckman*, 21 Ill., 200; *Woodruff v. Adams*, 5 Blackford, 318.

1. LANDLORD and tenant: lease: rent.

3. The rent was not paid, then, until the third of the crop was set apart by the tenant for the landlord, and was not payable until this could be done.

4. Rent reserved by lease and not accrued passes by a conveyance of the land to the grantee. *Abercrombie v. Redpath*, 1 Iowa, 111; *Van Driel v. Rosierz*, 26 Iowa, 575.

2. ——: ——: conveyance.

5. A purchaser under an execution sale is entitled to the rent accruing or falling due, after the execution of the sheriff's deed. *Bank of Penn'a v. Wise*, 3 Watts, 394; *Martin v. Martin*, 7 Md., 368.

6. The facts found by the Circuit Court are to the effect that the rent was not due and payable—had not accrued, until after defendant Miller had acquired title to the land upon the sheriff's deed. Under the authorities above cited he became entitled to the rent afterward accruing.

The fact that service of the notice in the attachment action was by publication does not prevent the application of the rules just stated. Although the proceeding was *in rem*, it divested Goodhue's title to the land, and vested it in Miller. The accruing rent pertained to the realty and was transferred with it. As the proceeding *in rem* transferred the title of the land from Goodhue to Miller, the right to the rent passed with it.

3: ——: ——: notice.

Nor does the fact that the rent was not appraised prior to the sheriff's sale affect defendant's title. The land was appraised and, as we have said, the rent pertained thereto. It was not directly the subject of sale upon the execution. The right thereto passed as an incident of the transfer of the land to the purchaser. It was not,

4. ——: ——: appraisement.

therefore, necessary under the law to appraise it separately from the land. The value of the right, it will be presumed, was considered in determining the appraised value of the property.

It is our opinion that Miller acquired, by this purchase at the sheriff's sale, the right to the rent of the land, and that when the third of the crop was delivered according to the terms of the lease, in the granary of the tenant, the property in the grain vested in him.

REVERSED.