## TOERRING V. LAMP.

1. **Estates of Decedents**: APPROPRIATION OF RENTS OF REAL ESTATE TO PAY DEBTS : CODE, SEC. 2403. Under the provisions of section 2403 of the Code, an executor or administrator, under the order and direction of the court, may apply the rents and profits of the decedent's real estate, accruing after his death, to the payment of debts and claims against the estate, in case the personal assets are insufficient; and the right to so take and apply rents and profits is not restricted to real property, possession of which is taken by the executor under section 2402 because there is no heir or devisee present and competent to take it. But before an order is made to so take and apply rents and profits, the heirs or devisees in possession should be made parties, and it should be made to appear that there is a necessity for such appropriation by reason of the insufficiency of the personal assets. (See opinion for a full discussion of the question by ROBINSON, J.)

2. ———: COLLECTION OF ASSETS : OFFSETTING CLAIMS AGAINST DECEDENT. The deceased, before his death, became indebted to a corporation for shares of stock. The corporation rented real estate of the decedent, and the administrator in this action seeks to collect rent accrued since decedent's death. *Held* that the corporation could not offset its claim for stock, but that it must pay the rent in full, and file its claim for the stock, and accept therefor a due proportion of the funds available for the payment of the class of claims to which it belongs, in case there is not enough to pay such claims in full. (See opinion for citations.)

*Appeal from Scott District Court.*—HON. CHARLES M. WATERMAN, Judge.

### FILED, MAY 17, 1889.

PLAINTIFF seeks to have established as preferred certain claims for rent. The defendant asks to have certain indebtedness allowed as a set-off against the claim of plaintiff. Plaintiff's claims were established, but the set-off asked was not allowed. Defendant appeals.

*Wm. K. White*, for appellant.

*Nath. French*, for appellee.

ROBINSON, J.—There is no controversy as to the material facts of this case. August Wamebold died intestate on the twentieth day of August, 1887, and on

the fifteenth day of October, 1887, Christian Toerring was duly appointed and qualified as administrator of his estate. In his lifetime Wamebold was the owner of the real estate involved in this action, and executed a lease thereof for the term of twenty years from the first day of March, 1875. By the terms of the lease the lessor was to receive an annual rental of nine hundred and fifty dollars, in equal quarterly payments, on the last days of May, August, November and February, of each year. The Globe Plow-Works, a corporation, became the assignee of the lease about January, 1887, and responsible for the payment of rents to accrue thereunder. On the fifteenth day of October, 1887, the Globe Plow-Works made an assignment for the benefit of creditors, and Christian Lamp was duly appointed and qualified as its assignee. When Wamebold died he was owing to the Globe Plow-Works, on shares of its capital stock which he held, a balance of sixteen hundred dollars. His estate is insolvent, and the real property which forms a part of it will have to be sold for the payment of debts. An order was made by the proper court, with the consent of the widow and heirs of decedent, directing plaintiff to collect the rents in controversy. Plaintiff seeks to have the rent which was to accrue on the last day of November, 1887, and thereafter, established as preferred claims against certain property held by defendant. The defendant asks to have the indebtedness of decedent for stock allowed as a set-off against the rent. Other relief was originally asked by the parties, but by stipulation filed in this court it is shown that the allowance of the set-off asked by defendant is the only matter now in controversy.

I. In the absence of a statute to the contrary, the real property of an intestate descends at once to his heirs and the personal property to his administrator. *Kinsell v. Billings*, 35 Iowa, 156; 5 Amer. & Eng. Cyclop. Law, tit. "Debts of Decedents," 262, notes and authorities cited therein; 7 Amer. & Eng.

1. ESTATES of decedents: appropriation of rents of real estate to pay debts: Code, sec. 2403.

Cyclop. Law, tit. "Executors and Administrators," 270, and notes. Rents not accrued pass with an unconditional conveyance of the real estate from which they are to issue. *Winn v. Murehead*, 52 Iowa, 64; *Townsend v. Isenberger*, 45 Iowa, 672. They would therefore pass to the heirs of the intestate. Accrued rent will not pass to the grantee of the real estate from which it becomes due, unless so specially provided by stipulation. *Van Driel v. Rosierz*, 26 Iowa, 576. It would therefore pass to the administrator of the intestate. *Crawford v. Ginn*, 35 Iowa, 550. The heirs would acquire the title to unaccrued rents for the reason that they are so far dependent upon the real estate from which they are to issue as to be treated as a part of it. The provisions of the Code relevant to the question under consideration are as follows: "Sec. 2386. The court, on the application of the executor, shall from time to time direct the sale of such portions of the personal effects  *  *  * as are necessary to pay off the debts and charges upon the estate. Sec. 2387. If the personal effects are found inadequate to satisfy such debts and charges, a sufficient portion of the real estate may be ordered to be sold for that purpose. Sec. 2388. Application for that purpose can be made only after a full statement of all the claims against the estate, and after rendering a full account of the disposition made of the personal estate." "Sec. 2402. If there be no heir or devisee present and competent to take possession of the real estate left by such decedent, the executor may take possession of such real estate, and demand and receive the rents and profits thereof, and do all other acts relating thereto which may be for the benefit of the persons entitled to such real estate. Sec. 2403. Such executor or administrator, under the order and direction of the court, may apply the profits of such real estate to the payment of taxes and of debts and claims against the estate of the deceased, in case the personal assets are insufficient. Sec. 2404. Such executor or administrator shall account to such heirs or devisees for the rents, profits or use of such real estate, deducting therefrom the payments

made under the preceding section, together with a reasonable compensation for his own services, to be fixed by the court."

Before an administrator can recover rents of real estate which accrue after the death of the intestate, he must show that there is no heir present and competent to take possession of the premises. *Shawhan v. Long*, 26 Iowa, 492. See, also, *Foteaux v. Lepage*, 6 Iowa, 13C; *Stringham v. Brown*, 7 Iowa, 38; *Crane v. Guthrie*, 47 Iowa, 545; *Gray v. Meyers*, 45 Iowa, 160; *Hodgin v. Toler*, 70 Iowa, 25. The sections of the Code which we have quoted have changed to some extent the rule of the common law, and were designed to enable the administrator to subject the real property of the decedent, so far as it is required and is available, to the payment of his debts and other charges against his estate. It is the policy of the law to require the payment of all debts of a decedent, and to devote to that purpose so much of his property not exempt as is necessary, even though it should result in depriving his heirs and devisees of all benefit from his estate. This is to be done by means provided by statute, and actions by creditors against heirs, to recover the value of real estate they may have received, are avoided. Section 2402 of the Code only authorizes the executor to take possession of the real property of the decedent when no heir or devisee is present and competent to take possession. But section 2403 authorizes the executor, "under the order and direction of the court," to apply the profits of such real estate to the payment of debts and other claims against the estate. That section, it is clear, authorizes the appropriation of rents and profits of real estate of which the executor has taken possession to the payment of the liabilities specified; but is such appropriation to be restricted to the profits issuing from real property, possession of which is taken by the executor, because there is no heir or devisee present and competent to take it?

It must be conceded that there is no more reason for or justice in using the profits for the payment of such

liabilities in one case than there is in the other. The words, "such real estate," of section 2403, refer as directly and naturally to "the real estate left by such decedent" of the preceding section, as they do to the real estate of which the executor shall take possession. To give them that construction would be in harmony with the policy of our law, and would make its various provisions, to which we have referred, consistent with each other. Before the order contemplated by section 2403 should be made, the heirs or devisees in possession of the real estate would have to be made parties to the proceeding to obtain it. But when that has been done, and the necessity for the appropriation has been shown, we think it can be ordered. In this case it seems to be conceded that the rents in question will be required to pay the liabilities of the estate of Wamebold. They are to be collected by plaintiff pursuant to an order of court, made with the consent of the widow and heirs of the deceased. It may be that such consent was given with the understanding that no right to them was thereby waived, and that their liability to be taken by plaintiff was to be thereafter determined. But under the admitted facts of the case the rents are not exempt, and will have to be retained by plaintiff to discharge the debts of the estate. There are numerous decisions which hold, in effect, that rents which accrue between the death of the owner of realty and the date of its sale to satisfy debts cannot be taken by the administrator, but, so far as we are aware, none of them were rendered under statutes similar to those of Iowa.

II.   Is defendant entitled to have his claim of sixteen hundred dollars for balance due on stock allowed as a set-off against the rents for which this action 2. ——: collection of assets: offsetting claims against decedent. was brought? It did not arise out of the transaction set out in the petition. It is not of the nature of a preferred claim. If it had been filed with plaintiff as a demand against the estate of decedent, defendant could have recovered thereon only a due proportion of the funds available for the payment of the class of claims to which it would

have belonged. He would have been entitled to offset his claim against his liabilities to decedent which had accrued at the time of his death, but the rents in question accrued wholly after Wamebold's death. They have become a part of the general assets of the estate, and can be used by plaintiff only in the manner and for the purposes authorized by statute. The preference asked by defendant is not permitted. Code, secs. 2418–2420. We are of the opinion that the claim of defendant cannot be used to reduce the amount of rents plaintiff is entitled to recover. See *Eldredge v. Bell*, 64 Iowa, 126; *Cook v. Lovell*, 11 Iowa, 81; *Nichols v. Dayton*, 34 Conn. 66; *Fry v. Evans*, 8 Wend. 530; *Dayhuff v. Dayhuff's Adm'r*, 27 Ind. 158; *Hendrix v. Hendrix*, 65 Ind. 329; *Colby v. Colby*, 2 N. H. 419; *Harris v. Taylor*, 53 Conn. 500; 2 Atl. Rep. 749; Wat. Set-off, sec. 181. We conclude that the judgment of the district court was correct, so far as we are called upon to consider it, and it is therefore AFFIRMED.