E. R. HALL, Appellant, v. H. K. HALL and H. K. HALL
as Administrator.

**Vendor and vendee:** RIGHT TO RENTS. As between the vendor and
the purchaser of property the rents belong to the one entitled
to possession of the premises when the rent becomes due, in the
absence of a provision in the contract of the parties respecting
the right thereto.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER,
Judge.

TUESDAY, FEBRUARY 14, 1911.

SUIT to recover rent. Trial to the court and judgment
for the defendant. The plaintiff appeals. *Affirmed.*

*G. B. Haddock,* for appellant.

*Crum, Jaqua & Crum,* for appellees.

SHERWIN, C. J.—In the fall of 1908 the plaintiff purchased at referee's sale a farm belonging to the estate of A. M. Golliday, ·deceased. At the time of the sale the farm was in possession ·of tenants whose leases did not expire until the 1st of March, 1909, and the rent was unpaid. The defendant thereafter collected the rent for the estate, and this action was brought to recover the same. No reservation of the rent or of the right of possession was made in the deed, and the appellant relies upon the propositions that at the time of the sale to her the rent had not accrued, and that, not being reserved in the deed, it passed to her. It is a well-settled rule that unaccrued rent passes to the purchaser unless it is reserved. *Hatfield v. Lockwood,* 18 Iowa, 296; *Van Driel v. Rosierz,* 26 Iowa, 575; *Winn v. Murehead,* 52 Iowa, 64. But it is equally well established by the authorities that rent belongs to the person entitled to the possession of the premises when it becomes due. The right to possession and the right to lease necessarily involve the right to recover the rent reserved by the lease. 24 Cyc. 1172; *Fisk v. Brayman,* 21 R. I. 195 (42 Atl. 878); 1 Warvelle on Vendors (2d ed.), section 180; *American Investment Co. v. Farrar,* 87 Iowa, 437. As we have said, the deed made no reservation, but it was shown by the testimony of the witnesses for both parties that at the sale the possession of the premises was reserved until the 1st of March following. This testimony was received without objection, and it is now too late for the appellant to contend that it was incompetent. *Canfield Lumber Co. v. Kint Lumber Co.,* 148 Iowa, 207; *Bank v. Snyder,* 79 Iowa, 191.

The judgment is *affirmed.*