In the matter of the Estate of P. J. BOYLE, deceased. IOWA RAILROAD LAND COMPANY, Appellee, v. Estate of P. J. BOYLE, deceased, MARGARET V. BOYLE, Executrix of said Estate, J. M. WORMLEY, Intervener and Appellant.

**Real property:** EXECUTORY CONTRACT: RIGHT TO UNACCRUED RENTS. Under an executory contract for the sale of land, providing that the owner will convey the premises upon full payment of all installments of the purchase price and performance of all agreements, and making time of the essence of the contract, with no provision as to possession prior to conveyance, the purchaser does not become entitled to rents thereafter accruing on the strength of his ownership acquired by the contract; but to be entitled thereto he must plead and prove in some manner and by competent evidence that he had the right of possession prior to accrual of the rent.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, FEBRUARY 15, 1912.

IN form, this is an action or claim for rent against the administrator of P. J. Boyle. The controversy, however, is between the plaintiff and the intervener who claims a part of the rent as the vendee of the leased premises, and as having acquired the same before the rent accrued. There was a judgment for the plaintiff, and the intervener appeals.— *Affirmed.*

*Zink & Roseberry,* for appellant.

*William G. Clark,* for appellee.

EVANS, J.—On March 1, 1909, the plaintiff leased to
P. J. Boyle for the term of one year one hundred and
three and fifty-five hundreths acres of farm land at a rental
of $362.42 (being $3.50 per acre), payable January 1,
1910. On December 10, 1909, the plaintiff entered into an
executory contract of sale to the intervener of seventy-three
and twenty-five hundreths acres of the leased farm. This
contract provided "that, in consideration of the stipulations
herein contained and the payments to be made as herein-
after specified, the first party hereby agrees to sell unto the
second party" (description of land). The second party
agreed to pay $10,000 in four equal annual payments of
$2,500 each, with interest from the date of the contract;
the first installment being paid on the date of the con-
tract. The second party also agreed to pay all "taxes and
assessments as may be hereinafter lawfully imposed on said
premises," and also "that all improvements placed upon
said premises shall remain thereon and shall not be re-
moved until final payment." It provided also as follows:
"In case the said second party, his legal representatives or
his assigns, shall pay the several sums of money aforesaid
punctually, and at the several times above specified, and
shall strictly and literally perform all and singular his
agreements and stipulations aforesaid, after their true tenor
and intent, then the first party will make unto the said
second party, his heirs or assigns (upon request at the of-
fice of the first party at Cedar Rapids, Iowa, and the sur-
render of this contract) a deed, conveying said premises in
fee simple, with the ordinary covenants of warranty, ex-
cepting, however, from the operation and subject matter
of said covenants, the before mentioned taxes and assess-
ments, and all liens and incumbrances created or imposed

by said second party or his assigns." Other provisions of
the contract made time of the essence thereof, and provided
for forfeiture in case of default on the part of the pur-
chaser. The intervener claims that, by virtue of this con-
tract, he became the owner of the land on the date thereof,
and as such, was entitled to collect the rent therefor subse-
quently falling due. This claim is resisted by the plaintiff.
It is urged in its behalf that the intervener is not a pur-
chaser in such a sense as entitled him to demand the rent
for the year 1909, and that the rent was in fact earned,
though not due prior to such contract. The intervener set
up the contract and the lease and based his claim solely
upon the writing. The plaintiff demurred to the petition
of intervention, challenging its sufficiency to state a cause
of action on various grounds. The trial court sustained
the demurrer.

There is no controversy over the general rule that a
conveyance of land carries with it to the grantee as an in-
cident of the title and possession the right to receive unac-
crued rent under an existing lease. The point in dispute
here is whether the particular contract is such as to entitle
the intervener to the advantage of this rule. There are
many of our own cases where the rule has been applied, but
they are all cases of complete conveyance by deed. *Hatfield
v. Lockwood*, 18 Iowa, 297, 298; *Abercrombie v. Redpath*,
1 Iowa, 115; *Ferguson v. Epperly*, 127 Iowa, 216, 217;
*Van Wagner v. Van Nostrand*, 19 Iowa, 428; *Townsend
v. Isenberger*, 45 Iowa, 672; *Van Driel v. Rosierz*, 26 Iowa,
577; *Winn v. Murehead*, 52 Iowa, 65. The rule was in-
voked by plaintiff in *Hall v. Hall*, 150 Iowa, 277. In that
case the plaintiff had obtained a referee's deed in the fall
of 1908, and he claimed the unaccrued rent for that year.
He was defeated upon a showing by oral evidence that
possession had been reserved until March 1st following.
The oral testimony had been received without objection,
and its compentency was not passed upon. In *Winn v.*

*Murehead,* 52 Iowa, 65, it was held that oral evidence was not competent to show reservation of possession as against a warranty deed. In the *Hall* case, *supra,* it was said: "Rent belongs to the person entitled to the possession of the premises when it becomes due." In the case before us the contract is wholly executory on the part of the plaintiff. It specifically provides for a conveyance in the future. It is silent upon the subject of possession.

The argument of appellant is that such a contract carries the equitable estate of ownership to the purchaser, and that the legal title is held by the vendor only as security. As to this general proposition, there can be no controversy, but the question still remains whether the equitable owner is necessarily entitled to the possession in the absence of provision in his contract to that effect.

If possession were in fact given to the vendee after execution of the contract, it would doubtless be deemed referable to the contract. On the other hand, there is nothing in the contract to forbid the appellee to maintain its possession until performance. The appellee concedes in argument that the appellant was to have possession on March 1st following the contract, and that he has had possession ever since. This is only another way of claiming that this was the understanding and agreement between the parties. If such fact appeared in this record in a competent way, it would be determinative of the case as against the intervener. But the intervener has chosen to rest his claim solely upon the written contract and upon the proposition that the equitable ownership acquired by the contract necessarily carried the possession. In view of the fact already indicated that the contract in its terms was wholly executory as to the appellee and bound it to no performance even in part, until full performance was made by appellant, and in view of the further fact that the contract contained no terms of "present assurance," it devolved upon the intervener to plead and to prove either by way

of reformation of the contract, or by way of oral agreement, if competent (a question we do not decide), that he was to have possession of the premises, and the date thereof. Unless he could prove that he was entitled to possession before the rent accrued, he was in no position to claim unaccrued rents. The case of *Nungesser v. Hart,* 122 Iowa, 647, is quite in point, but by no means controlling of this case. In that case a contract similar to the one before us was entered into in the fall of the year and partial payment made thereon. It also provided that a deed and possion would be given on March 1st following. It was held that the purchaser did not become the "owner" of the land until March 1st. The fact that the contract contained no words of "present assurance," and that it expressly provided for a future conveyance, was deemed controlling on that question. In *Toerring v. Lamp,* 77 Iowa, 490, the rule as to unaccrued rents is stated in these words: "Rents unaccrued pass with an unconditional conveyance." Putting this statement of the rule alongside of that in *Hall v. Hall, supra,* they both impeach the sufficiency of the contract before us.

It is our conclusion, therefore, that the trial court properly sustained the demurrer, and its order is accordingly *affirmed*