C. F. JOHNSON, Appellant, v. JOHN SIEDEL et al., Appellees.

**VENDOR AND PURCHASER:** Remedies of Vendor—Forfeiture of Contract—Subsequently Accruing Rent—To Whom Due. A defaulting vendee of land may not recover, as against the vendor, *any part* of rent accruing *subsequently* to a complete legal forfeiture of vendee's contract.

*Appeal from Madison District Court.*—W. H. FAHEY, Judge.

SATURDAY, OCTOBER 28, 1916.

THIS is an action on a note, given by defendants Siedel for the second installment of rent for the year from March 1, 1913, to March 1, 1914. Plaintiff had possession of the farm land by virtue of a contract entered into by and between plaintiff and one John Joeckel. Plaintiff did not comply with the terms of that contract, and failed to make payment due on July 1, 1913, and subsequent payments. On December 4, 1913, a notice of cancellation and forfeiture of the contract was served upon plaintiff, to take effect January 4, 1914. On December 26, 1913, $375 was paid to plaintiff by the Siedels, under an agreement to accept that amount in full payment of a $425 note, which is more fully set out and referred to in the case of *Joeckel v. Johnson*, decided at the present sitting, and submitted at the same time as the instant case. Joeckel intervened in this case, and was given a judgment on the note in suit. The facts will be more fully stated in the opinion. Plaintiff appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*A. W.* and *Phil R. Wilkinson* and *W. S. Cooper,* for appellees.

PRESTON, J.—In January, 1913, the intervener, John Joeckel, being the owner of a farm of 205 acres in Madison

County, entered into a contract to sell the same to plaintiff

**VENDOR AND PURCHASER: remedies of vendor: forfeiture of contract: subsequently accruing rent: to whom due.** for $15,375; $500 was to be paid down; $775 was to be paid July 1, 1913; $1,000, January 1, 1914; and other payments, each six months thereafter, until $4,275 was paid. Possession was to be given to plaintiff Johnson March 1, 1913. Time was made the essence

of the contract. And it was further provided that a failure to make any of these payments promptly at the time provided should cause a forfeiture of all the rights of the purchaser (Johnson), and possession should be surrendered to the vendor (Joeckel). Plaintiff leased the premises to defendants Siedel for one year from March 1, 1913, and for the rent took two notes, one for $425, due January 1, 1914, and one for $400, due February 1, 1914. This suit is brought on the last note. No further payments were made by Johnson on the contract. December 26, 1913, the tenants, the Siedels, paid plaintiff the $425 note before it was due, plaintiff discounting the same $50, under the contract set out in the other case, *Joeckel v. Johnson.* No evidence was introduced on the part of the defendant.

It appears from the testimony that, soon after July 1, 1913, the intervener, Joeckel, placed the matter of protecting his interests in charge of Judge Wilkinson, who called plaintiff on the phone, and was informed by Johnson that he could not fulfill his contract; that he was not entitled to the rent notes; and he promised to send them to Judge Wilkinson. In September, 1913, plaintiff wrote the tenants, the Siedels, that he could not take care of the contract, and could not hold the farm, and for them to write Joeckel about it. Relying on Johnson's agreement with Judge Wilkinson and the letter to Siedel, the intervener arranged with Siedel for doing some plowing on the land, and sowing wheat. Because of Johnson's agreement with Judge Wilkinson, notice of forfeiture was not then served on him. On December 3, 1913, Henry Joeckel, agent of intervener, and one of his attorneys, went to Des

Moines and saw Johnson, who at first agreed to surrender
the notes, and later declined to do so, and, on December 4,
1913, a 30 days' notice of forfeiture was served on him. So
that, on January 4, 1914, and before the note in suit was due,
plaintiff's rights in the premises had been forfeited.

As stated, this action is upon the note of $400, due Feb-
ruary 1, 1914. The petition is simply an ordinary petition
on the note. Defendants Siedel answered, setting up all the
facts, and alleging that both Johnson and Joeckel were claim-
ing this $400, and tendered the money into court, to be paid
to the party found entitled to it.

Joeckel, in his petition of intervention, set up all the
facts; and, in the first count, pleaded that, by reason of John-
son's failure to comply with his contract, his agreement with
Judge Wilkinson, his letter to Siedel, authorizing Siedel to
deal with Joeckel regarding the land, he abandoned his con-
tract and whatever interest he might have had in the real
estate, and that plaintiff was estopped to claim the rent. In
the second count, he set up the fact of the forfeiture, and that
plaintiff's rights were terminated at the expiration of the 30
days' notice.

It is contended by appellant that the question involved
turns upon the right of plaintiff to rent the lands held by him
under the contract between him and the intervener Joeckel.
We do not understand appellee to question the right of plain-
tiff to rent the land, and that, but for the forfeiture of plain-
tiff's rights, or some other such circumstance, plaintiff would
be entitled to the rent. In support of plaintiff's proposition,
he cites *American Investment Co. v. Farrar*, 87 Iowa 437;
*Hall v. Hall*, 150 Iowa 277; *Nearing v. Coop* (N. D.), 70
N. W. 1044.

The *Nearing* case, more particularly relied upon by appel-
lant, was where a default had been made under a contract
of purchase. But in none of these cases was the question de-
termined as to the purchaser's right to rent accruing after a
complete forfeiture of his rights. In the instant case, John-

son was in default July 1, 1913, when he failed to make the payment due on that date, so that Joeckel might then have declared the contract canceled and forfeited; but plaintiff's rights were not completely cut off until January 4, 1914.

Appellant also contends that at least he was entitled to the rent up to the time of the forfeiture of his rights, January 4, 1914. We are inclined to think this the real contention of plaintiff. This involves the question of apportionment of rents. As stated by appellant, the court recognized the right of plaintiff to the rent represented by the first note.

The appellees, and more particularly intervener, say that plaintiff, Johnson, at a time when he had the right to do so, rented the land to Siedel; that, prior to the time the rent sued for herein accrued, Joeckel became vested with the title and right to possession, by reason of the forfeiture, and, as they claim, by abandonment by plaintiff of his contract; that this carried with it the right to recover the rent not yet accrued, and that Joeckel, and not Johnson, is entitled to the rent in controversy. They cite numerous cases, to the effect that rent belongs to the owner of the soil, or the person entitled to the possession of the premises leased, and that an assignment or transfer of the reversion carries with it the right to rent subsequently accruing; that rent is an incident of the reversion; and that unaccrued rent would pass to the grantee, who could collect it by virtue of the grant; and, further, that rent belongs to the person entitled to the possession of the premises when it becomes due, citing 24 Cyc. 1172, 1173; *Abercrombie v. Redpath,* 1 Iowa 111; *Van Wagner v. Van Nostrand,* 19 Iowa 422; *Hall v. Hall,* 150 Iowa 277; *Townsend v. Isenberger,* 45 Iowa 670; *Toerring v. Lamp,* 77 Iowa 488; *Iowa Railroad Land Co. v. Boyle,* 154 Iowa 249; and, further, that the lease is terminated by the expiration of the landlord's estate; and that, after a lessor loses his right to the land, the lessee becomes liable to the new owner for rent subsequently accruing. 24 Cyc. 1340; *Stanbrough v. Cook,* 83 Iowa 705. We think appel-

lee's contention is correct and must be sustained, and we deem it unnecessary to further discuss the matter.

On the question of apportionment, appellant relies on the *Farrar* and *Hall* cases, supra. But, as stated, there was no question of forfeiture of the purchaser's rights in those cases, and no question of apportionment. The authorities seem to hold that, without a special provision in the lease or by statute, rents are not apportioned in respect to time, so that the person who owns the reversion on the date the rent becomes due, is entitled to the entire rental matured that day. 1 Tiffany on Landlord and Tenant, Sec. 176; 2 McAdam on Landlord and Tenant (4th Ed.), Sec. 291; 24 Cyc. 1185; *Russell v. Fabyan* (N. H.), 61 Am. Dec. 629.

In the *Russell* case, the proposition is stated thus:

"The contract was an entire one, to pay the rent on the first day of September. . . . At common law, rent might be apportioned as to estate, but not as to time."

The only statute on the subject in this state is Sec. 2988, Code, 1897, permitting an apportionment between the executor of a tenant for life and the remainderman.

Appellees make the further point that, under the pleadings in this case, there is no authority for any apportionment of rent, no such claim being made therein. We conclude, then, that plaintiff was not entitled to an apportionment.

Our conclusion is that the judgment of the trial court was correct, and it is therefore—*Affirmed.*

EVANS, C. J., DEEMER AND WEAVER, JJ., concur.