FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO, Appellant, v. HARRY OGLE et al., Appellees.

No. 39137.

OCTOBER 23, 1928.

REHEARING DENIED APRIL 5, 1929.

*Johnston & Shinn* and *R. M. Uhl,* for appellant.

*J. O. Watson,* for appellees.

KINDIG, J.—There is presented here the question as to whether or not the First Trust Joint Stock Land Bank, appellant, or Frances Ogle, one of the appellees, is entitled to the rents accruing on the farm involved in the case at bar after the issuance of a sheriff's deed therefor to the former.

Those rents grew out of a receivership proceeding incident to the foreclosure of a real estate mortgage. That instrument of security, covering 629.77 acres of land in Warren County, was executed on April 10, 1923, by the appellee Harry Ogle, then a widower, in favor of appellant, the First Trust Joint Stock Land Bank, to secure a note of $25,000. Afterwards, this realty, subject to the incumbrance, was conveyed to the appellee Frances Ogle. Default resulted through the nonpayment of the note, and on August 23, 1926, the appellant, as plaintiff, instituted an action to foreclose the mortgage against the appellees, as defendants. In harmony with the prayer of the petition in that cause, the district court, on September 21st of the same year, rendered a judgment of foreclosure, and as a part thereof provided for the appointment of a receiver to take charge of the premises for the year beginning March 1, 1927, in order to lease the same and collect the rents and profits therefrom. Such allowance of the receivership under the decree was not to become effective until after the foreclosure sale, and then only in the event that there was a deficiency judgment remaining.

As a result of that sale, there was a deficiency of $500, and, in harmony with the court's order before mentioned, one C. R. McCoy was named such officer, and he duly qualified. A lease for the realty was made by the receiver to W. O. and Ida L. Lester, the term of which commenced March 1, 1927, and ended February 28, 1928. Two installments of rent were provided, the one for $450 and the other $1,900, payable respectively on the first days of October and December, 1927. No redemption was made by those entitled thereto, and accordingly, on November 1st of that year, the Warren County sheriff duly executed and delivered to the appellant a deed for the acreage. This was approximately four months before the expiration of the lease and one month prior to the maturity of the $1,900 installment of rent.

The receiver, believing that his administration was ended, after the issuance of the sheriff's deed, filed his final report November 4th, showing: First, expenditures made for seed wheat

and taxes in the aggregate sum of $608,92; second, the assign-ment of the lease to the appellant, subject to the payment of said expenditures; third, satisfaction of his own compensation; and fourth, an agreement with appellant to release the deficiency judgment when the final report was approved. To this, objec-tions were filed by Frances Ogle, based upon the theory that she was the fee owner during the redemption period, and that, after the payment of the $500 deficiency judgment, together with the receivership costs and expenditures, the remaining rent belonged to her.

At this juncture, it is enlightening to review the legal princi-ples applicable.

I.   Conveyance of land passes all right, title, and interest of the grantor therein, including the unaccrued rent of an at-taching unexpired lease. *Nelson v. Tracy,* 184 Iowa 1118; *Clark v. Strohbeen,* 190 Iowa 989; *Hall v. Hall,* 150 Iowa 277; *Johnson v. Siedel,* 178 Iowa 244. We said, in *Johnson v. Siedel,* supra:

"The authorities seem to hold that, without a special provi-sion in the lease or by statute, rents are not apportioned in re-spect to time, so that the person who owns the reversion on the date the rent becomes due, is entitled to the entire rental matured that day."

II.   Likewise, this doctrine of the law applies with equal force to a transfer of the premises under a sheriff's deed at execu-tion sale. *Goldstein v. Mundon,* 202 Iowa 381; *Clark v. Stroh-been,* supra. Appropriate language in *Goldstein v. Mundon,* supra, is to the following effect:

"Under his sheriff's deed, the plaintiff succeeded instanter to all the rights of his grantor in said real estate. In so far as such grantor had become a landlord, and was entitled to unaccrued rents, such unaccrued rents passed at once to the plaintiff. If any rental share of crops was due such grantor, as landlord, such rental share inured at once to the benefit of the plaintiff, and he became entitled to receive the same from the tenants, in lieu of his grantor; and this is so regardless of whether the crops were matured or unmatured."

III.   An exception to this general rule arises in those in-stances where the grant contains a reservation, or there is some

other simultaneous contract entered into, having similar effect. *Clark v. Strohbeen, Nelson v. Tracy,* and *Hall v. Hall,* supra. *Hall v. Hall,* supra, contains this phraseology:

"It is a well-settled rule that unaccrued rent passes to the purchaser unless it is reserved. * * * As we have said, the deed made no reservation, but it was shown by the testimony of the witnesses for both parties that at the sale the possession of the premises was reserved until the 1st of March following. This testimony was received without objection, and it is now too late for the appellant to contend that it was incompetent."

IV. So, in the case at bar, appellee Frances Ogle seeks to justify the judgment of the district court upon the theory that appellant, on February 21, 1927, waived its right to the rent through the execution of a written instrument jointly with her. Contained in that document, which was filed in the receivership proceedings, is the following subject-matter:

"Come now the plaintiff [appellant] and the defendants [appellees] * * * and respectfully state to the court that the receiver heretofore appointed, to wit, C. R. McCoy, has entered into a tentative lease of the mortgaged premises to W. O. Lester and Ida J. Lester for a period from March 1, 1927, to and including February 28, 1928, which is beyond the statutory period of redemption.

"And said parties hereto signify their approval of said lease, consenting to the same and waiving any claim or right to the possession of said premises prior to March 1, 1928. It being the intention to ratify said lease and extend to said lessees the right of said possession under said lease until said expiration date, to wit, February 28, 1928."

Affixed thereto are the signatures of both the appellant and appellee Frances Ogle. Whatever relinquishment was thereby accomplished bound the one as much as the other. Appellee Frances Ogle here bases her argument upon the proposition that the criterion to determine the ownership of the rent is the right of possession to the real estate. Her reliance is made chiefly on *Hall v. Hall,* supra, wherein it is stated:

"But it is equally well established by the authorities that

rent belongs to the person entitled to the possession of the premises when it becomes due. The right to possession and the right to lease necessarily involve the right to recover the rent reserved by the lease.''

Manifestly, the quotation from the *Hall* case must be read in reference to the entire text of the opinion. Mere possession is not enough, but the ''possession'' necessary must be under and by virtue of such an estate, interest, or right as to entitle the one enjoying it to be a landlord, or someone equivalent thereto, who is authorized to act as or for the lessor of the premises. See 24 Cyc. 1172, Paragraph 7; 35 Corpus Juris 1210, Section 537. Said estate, interest, or right may be obtained through reservation in the conveyance or some other appropriate agreement therefor. Upon this basis is found the correct interpretation of *Hall v. Hall*, supra. It discussed a reservation not contained in the deed of conveyance, but established by an independent oral undertaking.

*American Inv. Co. v. Farrar*, 87 Iowa 437, and *Bennett v. Kroger*, 192 Iowa 411, cited by appellee, are not inconsistent with this view. ''Possession'' given under the written waiver above set forth was to be in the tenant and the receiver, according to the stipulation, and no one else. Under no circumstances was the appellee Frances Ogle to have the ''possession,'' any more than appellant. If the one waived that right, the other did, also. ''Waiver,'' such as it was, inured to the benefit of both, rather than to any one. Obviously, the purpose was to enable the tenant to farm the land for the good of whoever, under the law, was entitled to the rentals, and thereby tillage was assured. Otherwise, uncultivation would result.

Frances Ogle, the appellee, and the First Trust Joint Stock Land Bank, appellant, both defined their intention concerning the ''waiver'' by a sentence in the agreement itself. Concluding their stipulation of waiver, the parties said:

''It being the intention to ratify said lease and extend to said lessees the right of said possession under said lease until said expiration date, to wit, February 28, 1928.''

Beyond a peradventure of a doubt, appellant and this appellee intended nothing else, and when they waived ''possession,''

it was to the extent and for the purpose only of permitting the tenants to occupy the farm during the term of the receiver's lease. For us to hold that the appellee Frances Ogle reserved the rent for herself, or is entitled thereto because of an independent contract with appellant, is to extend the "waiver" agreement far beyond its manifest limited purpose, and by so doing, make a contract for the parties that they never intended. Wherefore, there is nothing in the record to show that the appellee Frances Ogle is entitled to the rent through reservation in the grant contained in the sheriff's deed, or by any other sufficient contract.

Modification of the law in respect to the effect of the conveyance made by the sheriff's deed was not accomplished by the written "waiver." Consequently, through such deed, appellant became the owner of the fee, and entitled to the rents and profits accruing thereafter. (See authorities before cited.)

V. Nothing arises out of the nature of the receivership itself to change this otherwise apparent outcome. *Hillstrom v. Farmers Incorporated Soc.*, 197 Iowa 13, embodies this text:

"A receiver has no other or greater interest than the debtor or estate had in the property at the time of his appointment."

Clearly, a receiver is an officer of the court, and the property held by him is *in custodia legis,* not for his own benefit, but that of him who finally establishes right or title thereto. *Home Sav. & Tr. Co. v. District Court,* 121 Iowa 1, 12. See, also, *Andrew v. Sac County State Bank,* 205 Iowa 1248. These final rights or titles in the case at bar, so far as the second rent installment of $1,900 is concerned, are not changed by the receivership proceeding, but are to be determined independently thereof. During the period required for such decision, the officer in charge of the *rem* maintains and preserves the same for the benefit of him to whom the final award is made. *Home Sav. & Tr. Co. v. District Court,* supra. See, also, *Rankin v. Schultz,* 141 Iowa 681.

Resultantly, in the cause before us, the receiver, in reference to the second rent installment before mentioned, simply acted as an impartial agency, to bring forth the rents and profits from the land for the benefit of appellant or appellee, as the case might be. Prejudice did not result to either through such proceeding, so far as the point in issue is involved.

VI.   When and if the judgment of appellant is satisfied, the receivership automatically terminates.  *Stamp v. Eckhardt,* 204 Iowa 541.   Illustrative of this fact is a quotation from that case:

"The receivership in the instant case terminated *eo instante* when the judgment in favor of the senior mortgagee was satisfied."

Similarly, in the case before us there will be no need for the receivership when appellant's deficiency judgment is discharged, and it should not continue thereafter except for the purposes of final report and payment of costs and expenses.

$450 of the rent represented by the installment due before the sheriff's deed was executed will be entirely consumed in the payment of the deficiency judgment which is the basis for the receivership, and the satisfaction of the costs and expenses thereof.   More than that, a deficiency will still result.   However, no rents have yet been collected, and appellant is willing to cancel the judgment anyway and pay the costs and expenses if the lease and both rent notes, or the proceeds thereof, are assigned and delivered to it.   Then, if and when the costs and expenses of the receivership are paid and the deficiency judgment fully discharged, the appellant is entitled to all the rent, if it has been collected,—otherwise to the notes, which are the evidence thereof.

The judgment and decree of the district court is reversed, and the cause remanded for further proceedings consistent with this opinion.—*Reversed and remanded.*

STEVENS, C. J., and FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.

EVANS, J., dissents.