George W. Kerr, Appellant, v. John Horn (Horan) et al., Appellees.

No. 40387.

October 14, 1930.

Rehearing Denied February 17, 1931.

*Chester W. Whitmore,* for appellant.

*Jones & White,* for appellees.

Albert, J.—On June 26, 1919, the plaintiff was the owner of a 200-acre tract of land in Wapello County, Iowa. On that day this land was conveyed to one Gilyeart, a part of the purchase price being taken in the form of a mortgage and note for $17,500, which mortgage and note were transferred to one John F. Webber, in 1922, and by him transferred to the Equitable Life Insurance Company of Iowa. This mortgage was foreclosed, and, on special execution, the land was bid in by the Equitable Life Insurance Company for $17,500, leaving a deficiency in the sum of $1,056.19. The date of the sale was May 31, 1927. In the intermediate time, title had been transferred

to one Helm, who was a party to the foreclosure, as was the plaintiff, George W. Kerr. In this foreclosure proceeding, under the terms of the mortgage, application was made for the appointment of a receiver, to collect the rents, income, and profits of this farm, and in this proceeding, John F. Webber was attorney in charge for the Equitable Life Insurance Company; but no receiver ever qualified or acted under this proceeding.

It is the claim of the plaintiff that he had an agreement with Webber and Helm to the effect that plaintiff would and did pay this deficiency judgment, and in consideration thereof, Kerr was to have the rents, income, and profits from the farm during the year mentioned, which expired May 31, 1928. The rent from this farm up to March 1, 1928, is not involved in this transaction. The plaintiff seeks to recover the rent for the last three months of the period of redemption,—to wit, March, April, and May, 1928,—under a claim that Horn, the tenant, agreed to pay this plaintiff $200 for the rental of said farm during the aforesaid three months, and that he has failed so to do, but the Equitable Life Insurance Company has collected the same. He prays for a lien on certain personal property owned by Horn, kept and used on said place, and alleges that the Equitable Life Insurance Company has no right, title, or interest in and to the said $200 rent, and he asks an adjudication accordingly, and asks judgment against Horn in the amount of $200, with interest from December 1, 1928.

Webber died in April, 1928, so we do not have the benefit of his testimony in the case.

The evidence shows beyond dispute that Kerr paid this deficiency judgment, as he alleges; and the plaintiff's testimony abundantly shows that, as between Helm, Webber, and the plaintiff, there was an understanding that the receiver should not take possession of the property, and that Kerr was to have possession thereof during March, April, and May, 1928. Kerr further claims that, in February, 1928, he had an agreement with Horn that he (Horn) could occupy the property for the three months in question, and plaintiff was to be paid therefor $200 rent. This gives rise to the first contention in the case on the fact side.

We have read this record several times, and reach the ultimate conclusion that this agreement existed between Horn and

Webber and the plaintiff, as claimed by the plaintiff. No one disputes the fact that Kerr was entitled to the occupancy of this property under his agreement with Helm, the then title holder, and that Horn had no right of occupancy. It is equally true that the Equitable Life Insurance Company also understood that it had no right to the occupancy or possession of said property prior to the last day of the period of redemption. Kerr's testimony in relation to this agreement with Horn is very positive and direct. Horn does not directly deny such an agreement. The nearest he comes to it is to say that he does not remember renting the premises from Kerr for three months, and, "to my knowledge, never agreed to pay him $200 rent for those months."

It appears from the record that Horn had an agreement with the agents of the Equitable Life Insurance Company that, if the land should not be redeemed, the company would rent it to him. With this assurance, Horn naturally would be anxious to acquire the right to the use of the land for the three months in controversy,—they being the most vital three months of the year, so far as the cropping of this land was concerned. We are quite satisfied that the plaintiff has established this agreement between Horn and himself for the renting to Horn of this property for the three months in controversy, at the agreed rental of $200.

As to the payment of this rent, no exact date was fixed, but the agreement was that it was to be paid "in the fall of 1928."

The Equitable Life Insurance Company insists that, if all this be true, the $200 rent inured to its benefit, under the general rule that one who takes under a sheriff's deed succeeds instanter  to all the rights of the former owner, and is entitled to receive the rents that are unaccrued and not yet due. In support of this doctrine the following Iowa cases are cited: *Abercrombie v. Redpath*, 1 Iowa (Clarke) 111; *Hatfield v. Lockwood*, 18 Iowa 296; *Van Wagner v. Van Nostrand*, 19 Iowa 422; *Van Driel v. Rosierz*, 26 Iowa 575; *Downard v. Groff*, 40 Iowa 597; *Townsend & Knapp v. Isenberger*, 45 Iowa 670; *Winn v. Murehead*, 52 Iowa 64; *Martin v. Knapp*, 57 Iowa 336; *Toerring v. Lamp*, 77 Iowa 488; *Stanbrough v. Cook*, 83 Iowa 705; *Hall v. Hall*, 150 Iowa 277; *Iowa Railroad Land Co. v. Estate of Boyle*, 154 Iowa 249; *Johnson v. Siedel*, 178 Iowa 244; *Nelson v. Tracy*,

184 Iowa 1118; *Lee v. Joslyn,* 184 Iowa 1336; *Clark v. Strohbeen,* 190 Iowa 989; *Frum v. Kueny,* 201 Iowa 327; *First Trust Joint Stock Land Bank v. Ogle,* 208 Iowa 15; *Goldstein v. Mundon,* 202 Iowa 381.

Several other Iowa cases are cited, but they do not bear on this point. Each and all of the above cases have to do wholly with the proposition that, where there is an existing, outstanding lease, and a sheriff's deed is obtained during the existence of such lease, the general rule above stated then applies. But that is not the situation we have in the instant case. Under the agreement between Kerr and Horn for the leasing of said property for the said three months, the lease, in so far as the possession and right of occupancy of the property were concerned, had completely expired at the time this sheriff's deed was taken. This being the situation, the general rule above set out has no application to the case we have before us. In other words, there was no outstanding lease between Kerr and Horn at the time this sheriff's deed was taken, and the rent for these three months belonged wholly to Kerr for the occupancy of said property for a time which had wholly expired. The Equitable Life Insurance Company, therefore, had no interest, and acquired none, in the rent due to Kerr from Horn by reason of the taking of the sheriff's deed, and the plaintiff, Kerr, was entitled to collect the $200 rent from Horn, and entitled to judgment therefor.

It is the further claim of the plaintiff that Horn had personal property, corn and other crops raised during the season of 1928, subject to a landlord's lien in favor of the plaintiff,  securing the payment of the said $200 rent; and he asks that said lien be established. This claim is met by Section 10262, Code, 1927, reading as follows:

"Such lien shall continue for the period of one year after a year's rent, or the rent of a shorter period, falls due. But in no case shall such lien continue more than six months after the expiration of the term."

The term of the Kerr-Horn lease expired on the last day of May, 1928, and this action was instituted February 23, 1929. It is apparent, therefore, that so far as the claimed lien is concerned, it is barred by reason of plaintiff's not having brought

action thereon within six months after the 31st day of May, 1928.

Under the lease made by the Equitable Life Insurance Company with Horn, the rent was to consist of a certain portion of the crops raised, and $5.00 an acre for 60 acres of pasture land. In the settlement between Horn and the Equitable Insurance Company under this lease, there were certain items owed by the company to Horn which were deducted from the cash rent, and $260 in cash was paid by Horn to the company. While the lease referred to ran from March 1, 1928, to March 1, 1929, the evidence abundantly shows that this was an error on the part of the scrivener, as the Equitable Life Insurance Company was renting the land to Horn to commence on the day on which it received a deed therefor,—June 1, 1928. Whatever rent the Equitable Life Company received under this lease belonged to it alone, and Kerr had no interest therein, either on the theory of a trust or any other theory. He rented this land to Horn for three months for $200, and was entitled to that rent from Horn. The Equitable Life Insurance Company rented from June 1, 1928, forward, for a specified rental, and it was entitled to the rent according to the terms of its lease; and the evidence fails to show that it ever received any money belonging to the plaintiff by way of rent for this land.

It is our holding, therefore, that plaintiff has established his claim for this rent as against the defendant John Horn, and that he is not entitled to any relief as against the Equitable Life Insurance Company under the claim of the landlord's lien. We further hold that the Equitable Life Insurance Company has no claim to this $200 rent, and is entitled to no part thereof.— *Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.